Robert ARREDONDO

v.

STATE of Texas.

No. 2–83–130–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 17, 1983.

John C. Pouland, Dallas, for appellant.

Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before FENDER, C.J., and JORDAN and ASHWORTH, JJ.

## OPINION

JORDAN, Justice.

Appellant was convicted of the offense of possession of more than four ounces of marihuana. Punishment was set at 5 years confinement in the Texas Department of Corrections.

We affirm.

The record shows that Dallas police officer Ronald G. Hale obtained a warrant to conduct a search for the purpose of uncovering and seizing marihuana. Although the informant on whose allegations the warrant was issued accused a man named Moses Blue of being in possession of the marihuana at a certain address in Dallas County, the actual search resulted in the arrest of appellant Robert Arrendondo, and the seizure of evidence which showed that appellant was in possession of some 20 pounds of marihuana at the address described by the warrant. Appellant was convicted on the strength of this evidence. By way of this appeal, he alleges that the evidence was illegally obtained, that the trial court erred in overruling his motion to suppress the evidence and that his conviction should therefore be overturned.

Appellant bases his appeal on two grounds of error which will be discussed jointly. Both grounds of error go to the sufficiency of the affidavit upon which the search warrant which resulted in appellant's arrest was issued. Appellant says that the affidavit failed to inform the magistrate who issued the warrant of sufficient underlying circumstances upon which the informant could have concluded that marihuana was at the address alleged and that the affidavit contained insufficient underlying facts in support of the reliability of the informant. The affidavit in support of the warrant was signed by Officer Hale. Hale stated that he received his information that there was contraband at the described address from Special Agent Terry Baldwin of the United States Drug Enforcement Agen-cy. Hale stated that Agent Baldwin received his information from a confidential informant who Agent Baldwin said was credible and had furnished true, reliable and correct information to him in the past.

Appellant's arguments regarding the sufficiency of the affidavit all go to the fact that Officer Hale received the information through Agent Baldwin and not directly from the informant himself. Appellant alleges that the affidavit is based on "hearsay upon hearsay" and therefore lacks reliability. Appellant says that the State failed to meet the standards for the issuance of a search warrant set out in *Aguilar v. State,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), because although the affidavit set out facts in support of Agent Baldwin's informant's claims, it contained no underlying facts which would show the credibility of Agent Baldwin.

Although we agree with appellant that the better practice would have the officer or agent who receives information from an informant actually swear out the affidavit as affiant himself, we find that there was no error in admitting evidence obtained pursuant to a warrant issued on the affidavit in this case. A police officer need not personally be able to verify the accuracy or credibility of an informant, but may rely on the word of fellow officers and law enforcement agents. *United States v. Jeffers,* 621 F.2d 221 (5th Cir.1980); *Bevers v. State,* 649 S.W.2d 147 (Tex.App.—Fort Worth, 1983).

We can see no reason why an officer who can swear out an affidavit based on observations of an informant whose credibility is verified by a fellow officer cannot also rely on that same fellow officer to act as a conduit for relaying observations made by the allegedly credible informant. Although appellant argues that this particular practice was disapproved in *Nicol v. State,* 470 S.W.2d 893 (Tex.Cr.App.—1971), we do not find that case to be in point. In *Nicol,* the magistrate issued a search warrant based on information given by a non-law enforcement officer informant. The facts in that case show that the informant was not in possession of information gathered by way

of personal observations, but instead learned of the facts alleged in the affidavit from a third party who was also a non-law enforcement officer and whose credibility was not shown by underlying facts. In this case, the information came from an original source whose credibility was attested to and supported by underlying facts supplied by a law enforcement officer. Appellant's grounds of error one and two are overruled.

The judgment is affirmed.