**Doyle Wilson HALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–86–105–CR.**

Court of Appeals of Texas,
Texarkana.

June 1, 1988.

Gary L. Waite, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

CORNELIUS, Chief Justice.

Doyle Wilson Hall appeals his felony conviction for possession of marihuana. He alleges error because of an invalid search warrant, and because testimony was admitted about an extraneous offense and a witness' taking a polygraph examination. We overrule these contentions and affirm the judgment.

On May 29, 1986, Lamar County sheriff James Parker told William Stringer, a special agent for the Bureau of Alcohol, Tobacco and Firearms, that he believed Doyle Wilson Hall illegally possessed a firearm. Parker told Stringer that he had received the information from one of his deputies, who had been told by a confidential informant about seeing a rifle in Hall's home. Stringer checked on Hall through various sources in order to further identify him. He discovered that Hall was a convicted felon who had served time at the Texas Department of Corrections. Stringer also

spoke to Jerry Peebles, a gun expert, about the origin of Hall's rifle. Peebles told Stringer that ninety percent of the firearms made in the United States are manufactured outside of Texas. From this information, Stringer decided it was probable that the rifle was not made in Texas and that Hall was in violation of federal laws against felons possessing firearms which had been shipped in interstate commerce.

After obtaining a search warrant from Judge Henry Braswell, Stringer and other ATF agents and sheriff's deputies went to Hall's residence in Roxton. The warrant authorized a search for firearms, ammunition and documents showing that the firearms and ammunition had been in interstate commerce. In the front room the officers found a rifle, similar to the one described by the informant, lying on a table. As they continued the search into other areas of the house, they saw a plastic container, full of what appeared to be marihuana, on a table in a room next to the kitchen. The container was in plain view from the adjoining living room. The officers seized the rifle, some ammunition, the marihuana and other physical evidence.

Hall was charged and convicted of felony possession of marihuana, and his punishment was assessed at eight years' confinement and a $5,000.00 fine.

In his first three points of error, Hall contends that the evidence from the search of his home should have been suppressed because the search warrant was invalid. He argues that the warrant was defective because it was not based on a sufficient finding of probable cause, since the informant was not shown to be reliable and credible, and that the affidavit which formed the basis of the warrant was unsworn. If the warrant was invalid the evidence should have been suppressed, since the good faith exception was not effective in Texas before September 1, 1987. Tex. Code Crim.Proc.Ann. art. 38.23(b) (Vernon Supp.1988).

■ For a sufficient basis for finding probable cause to exist, the affidavit supporting the warrant must show, by a totality of the circumstances analysis, sufficient information to insure that the magistrate had a substantial basis for concluding that probable cause existed to believe that evidence of crime would be found in the place described. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *Osban v. State*, 726 S.W.2d 107 (Tex.Crim. App.1986). The information contained in Stringer's affidavit did provide such a basis. It alleged that Stringer received information from Sheriff Parker that he had in turn received from a reliable informant who had been used several times before, that the informant saw a rifle in Hall's home two days before the warrant was sought, that Hall was a felon, and that the gun had probably been shipped in interstate commerce. These facts are sufficient to support a substantial probability that evidence of a crime would be found in Hall's home.

■ The trial court allowed Hall to go behind the warrant and show any errors in the affidavit. The hearing produced evidence that the informant actually gave his information to sheriff's deputy Mainess, who relayed it to Sheriff Parker, rather than to Sheriff Parker directly. Hall contends this represents triple hearsay and is insufficient to establish a substantial basis for the warrant. We disagree. Texas has long allowed hearsay on hearsay to form the evidentiary basis for a warrant, so long as there is a substantial basis for crediting the hearsay at each level. *Hennessy v. State*, 660 S.W.2d 87 (Tex.Crim.App.1983). Deputy Mainess originally received the information from the confidential informant. Mainess passed the information to Sheriff Parker, who relayed it to Stringer. Parker testified that as sheriff he had been aware of his deputy's use of the informant in at least two previous investigations. Mainess was a deputy sheriff, and thus was Parker's representative and fellow officer. Observations and reports of fellow officers engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number. *See United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); *Gish v. State*, 606 S.W.2d 883 (Tex.Crim.App.1980);

*Arrendondo v. State,* 656 S.W.2d 664 (Tex. App.–Fort Worth 1983, pet. ref'd). Thus, the testimony at each level is shown to be credible according to the *Ventresca, Gish,* and *Arredondo* holdings.

 Hall correctly points out that the affidavit contained two errors. Stringer erroneously cited 18 U.S.C.A. § 1202 rather than 18 U.S.C.A. § 922(g)(1) (Supp.1987) as the statute he believed had been violated, and his description of the passage of information from the informant to himself omits Deputy Mainess' role. Stringer testified, however, that these were mere errors or oversights. A misstatement resulting from negligence or inadvertence will not render invalid a warrant based upon the information. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Dancy v. State,* 728 S.W.2d 772 (Tex.Crim.App.1987).

Hall also argues that the warrant is invalid because the affidavit was not sworn. We overrule this contention. Stringer's affidavit for search warrant was a three-page document. The first page is titled "Affidavit for Search Warrant." It contains the sentence, "Affiant alleges the following grounds for search and seizure." Below that statement appears another which reads, "See attached affidavit which is incorporated as part of this affidavit for search warrant," and is preceded by a box which was checked. At the bottom of the page, Stringer's signature appears, and the date, Judge Braswell's signature, and his identification appears under the statement, "Sworn to before me, and subscribed in my presence." The two pages which follow are Stringer's typed and signed statement of facts, which is incorporated into the affidavit.

 When the magistrate states in a warrant that the affiant has sworn to a statement in his affidavit, the affidavit may be incorporated by reference into the warrant, and the affidavit is properly sworn. *Reese v. State,* 712 S.W.2d 131 (Tex.Crim. App.1986); *Faulkner v. State,* 537 S.W.2d 742 (Tex.Crim.App.1976).

In his fourth point of error, Hall contends that reversible error occurred when

Agent Stringer, in an unresponsive answer, revealed that Hall was a convicted felon. During cross-examination of Stringer, Hall's attorney asked Stringer whether he made any notes about information pertaining to the search warrant, either before or after executing it. When Stringer answered affirmatively, counsel asked him what kind. Stringer replied, "These notes were made after the search warrant was executed for a federal offense against your client, a felon in possession of a firearm." Counsel moved for a mistrial. The court denied the motion, but instructed the witness to make no further reference to the matter.

 Generally, error resulting from the admission of improper testimony may be cured by instructing the jury to disregard the testimony. Only in extreme cases, where it appears that the evidence is clearly calculated to inflame the minds of the jury and is of such character as suggests the impossibility of withdrawing the impression produced upon their minds, is the error reversible. *McKay v. State,* 707 S.W.2d 23 (Tex.Crim.App.1985). The proper method for defense counsel to have preserved error was to object, request a jury instruction to disregard, and move for a mistrial. *Fuentes v. State,* 664 S.W.2d 333 (Tex.Crim.App.1984). Hall's counsel did not request an instruction to disregard. Since an instruction to the jury could have cured the error and the statement does not appear to be clearly calculated to inflame the minds of the jury, the trial court did not commit reversible error in refusing the motion for mistrial.

In his final three points of error, Hall contends that the State was improperly allowed to bolster its testimony and impeach a defensive theory when the witness George Oates testified, in effect, that he had passed a polygraph test. Oates was in Hall's house when the marihuana was found. Originally, he was charged with felony possession, but the charge was later reduced to attempted purchase. During recross-examination, defense counsel asked Oates whether he planned to plead guilty to the charge of attempting to purchase

marihuana. Oates responded by stating, "Whatever charge they would charge me I was going to plead guilty to it. I had taken a polygraph test and they knew that I didn't deliver this, so...." Hall's counsel did not object, but later moved for a mistrial. The grounds for his motion were:

> [The State] did not advise the defendant or his counsel of any polygraph examinations that they conducted on George Oates and, of course, he volunteered the information on the witness stand that he had taken polygraph tests. We were never made aware of it and therefore we could not file a motion in limine to protect us from his saying he had taken the polygraph test. We have not had an opportunity to examine the polygraph test and do not know the results.

A timely objection is required to preserve error concerning the improper admission of evidence, and to be timely an objection must be made as soon as the ground of objection becomes apparent. *Thompson v. State*, 691 S.W.2d 627 (Tex.Crim.App.1984). Also, the objection made at trial must be the same as that urged on appeal. *Burdine v. State*, 719 S.W.2d 309 (Tex.Crim.App.1986); *Hodge v. State*, 631 S.W.2d 754 (Tex.Crim.App.1982). Hall has not properly preserved his points of error in this regard. His objection and motion for mistrial concerning Oates' testimony were not made until during the testimony of the second witness after Oates, well after the ground of objection became apparent. Thus, the objection was not timely. Moreover, his points of error concerning the reference to a polygraph test do not raise the same complaint that was raised at trial. Any error has been waived.

For the reasons stated, the judgment of the trial court is affirmed.