Doyle Wilson **HALL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 0772–88.

Court of Criminal Appeals of Texas, En Banc.

June 20, 1990.

Gary L. Waite, on appeal only, Paris, for appellant.

Tom D. Wells, Dist. Atty., Paris, Robert Huttash, State's Atty. and Matthew W. Paul, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

### PER CURIAM.[1]

Doyle Wilson Hall, henceforth appellant, was convicted by a jury of felony possession of marijuana. The jury also sentenced appellant to eight years' confinement in the Texas Department of Corrections[2] and a $5000 fine.

On direct appeal, appellant alleged that the warrant authorizing the search of his home was invalid and the evidence seized therefrom should have been suppressed. The Sixth Court of Appeals rejected this argument and affirmed the conviction. *Hall v. State*, 753 S.W.2d 438 (Tex.App.— Texarkana 1988).

The facts leading up to the issuance of the search warrant are essentially undisputed. On May 29, 1986, James Parker, the Sheriff of Lamar County, contacted Department of Alcohol, Tobacco and Firearms (ATF) Special Agent William J. Stringer and told him that he had received information from Maness, one of his deputies, who had previously received the information from a confidential informant, that appellant possessed a firearm, namely a rifle, in his home in Roxton, which is located in Lamar County. Agent Stringer investigated and found that appellant had previously been convicted of a felony. He then consulted Jerry Peebles, a gun expert who told Stringer that ninety percent of all firearms that exist in Texas are manufactured outside of the State of Texas. On this basis, Stringer decided it was probable that the rifle apparently possessed by appellant was manufactured outside of Texas, and therefore had to travel in interstate commerce before arriving in Texas.[3]

Stringer then executed an affidavit, the validity of which is the subject of this petition for discretionary review. It is attached to this opinion as "Appendix A."

Based on Stringer's affidavit, a magistrate, who was also the trial judge, signed a search warrant which was executed shortly thereafter by Stringer, other ATF agents, and Lamar County Sheriff's deputies. The warrant authorized a search of appellant's residence for firearms, ammunition, and documents concerning the shipment of firearms. In the front room of appellant's home, the officers found a rifle lying on a table; and upon further search the officers found a container full of marijuana. Appellant and George Lynn Oates, who was also on the premises, were taken

---

1. This opinion was prepared by Judge M.P. Duncan, III, of this Court prior to his untimely death. It is now adopted as the opinion of the Court.

2. Now the Texas Department of Criminal Justice, Institutional Division.

3. The federal statute in effect at the time the warrant issued has since been repealed and the substance of it has been placed in another section of the statute. At the time relevant to this case, the statute read, in pertinent part:
   "(a) Any person who—
   (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, ....
   (5) and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearms shall be fined not more than $10,000 or imprisoned for not more than two years, or

   both. In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection."
   18 U.S.C. Appx. § 1202(a), repealed by Act May 19, 1986, P.L. No. 99–308, § 104(b), 100 Stat. 459, effective 180 days after enactment on May 19, 1986.

into custody and both charged with felony possession of marijuana.

The issue that we must resolve is whether Stringer's affidavit contains sufficient information to serve as a substantial basis for the magistrate's finding of probable cause that evidence of a crime would be found inside of appellant's residence.

█ The applicable rule of law that now exists in this State comes to us through the Supreme Court's decision of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). See also *Osban v. State*, 726 S.W.2d 107 (Tex.Crim.App.1986). It is commonly known as the "totality of the circumstances" test. Inherent in the totality of the circumstances test is whether the affiant's reliable and credible informant observed conduct which was sufficiently suspect so as to be more consistent with criminal than innocent activity. In *Gates*, the Supreme Court observed that this threshold determination is not limited to whether the activity described is in actuality innocent or criminal; rather, it is based on the amount of suspicion attached to the observed activity.

The adoption of the *Gates* test, however, does not dispense with the necessity of examining the traditional "two prongs" of an affidavit to determine if they set forth probable cause. Rather, it removes their talismanic quality and requires an examination of the affidavit as a whole. [*Ware v. State*, 724 S.W.2d 38, 40 fn. 2 (Tex.Crim.App.1986)]. · As a practical matter, one must approach the probable cause analysis of an affidavit in the same manner as under the *Aguilar* test. However, the final step in the analysis is now to demonstrate how the failures in the affidavit affect the overall reliability of the probable cause determination [see *Illinois v. Gates*, 462 U.S. 213, 232–238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); see also *Cassias v. State*, 719 S.W.2d 585, 588–590 (Crim.App.1986)—opinion on rehearing, facts and circumstances too disjointed and imprecise to

meet *Gates* test; *Dees v. State*, 722 S.W.2d 209, 215 (Tex.App.—Corpus Christi 1986, no pet.)—affidavit too ambiguous and conclusory to meet test]. In applying *Gates*, a reviewing court does not conduct a de novo determination of probable cause; it only decides whether there is substantial evidence in the record to support the magistrate's determination [*Massachusetts v. Upton*, 466 U.S. 727, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984)]. Vol. I, *Texas Criminal Practice Guide*, Sec. 31.03[3][a].

█ Agent Stringer states in his affidavit that the informant observed a rifle on a stove in appellant's residence. In this instance, however, nowhere in the affidavit did Agent Stringer reveal *how* the informant knew the possession of the rifle by appellant would possibly be criminal activity. Either the informant failed to tell Stringer of his knowledge of appellant's criminal history, which would have made possession of the rifle a crime, or the affiant failed to include such an allegation in the affidavit. In any event, the fact remains that any statement of how the informant knew that evidence of a crime would be found in appellant's residence is nowhere to be found in the affidavit. Without an allegation in the affidavit that the informant knew of appellant's status as a convicted felon he had no way of knowing whether or not a crime had been committed.

Therefore, even under the totality of the circumstances test, the magistrate had nothing on which to base his finding of probable cause that a crime had been committed by appellant. He should not have issued the search warrant. Furthermore, the marijuana seized pursuant to the warrant should not have been admitted into evidence at appellant's trial.[4]

For the reasons set out above, the judgment of the court of appeals is reversed and the cause remanded to the trial court for proceedings not inconsistent with this opinion.

---

**4.** The good faith exception now found in Article 38.23(b), V.A.C.C.P., does not apply to the instant case because the statutory "good faith"

exception did not go into effect until September 1, 1987, which was after appellant's trial occurred.

CAMPBELL, WHITE, BERCHELMANN and STURNS, JJ., concur in the result.

McCORMICK, P.J., and W.C. DAVIS and CLINTON, JJ., dissent.

## APPENDIX A

### STATES EXHIBIT NO. 1

Docket #

Case #

Affidavit of

William J. Stringer, Special Agent

Bureau of Alcohol, Tobacco and Firearms

Dallas, Texas

Made on May 30, 1986

I, William J. Stringer, being duly sworn, depose and say:

I have been a Special Agent with ATF for approximately one and a half years. Prior to that I was a police officer for ten years with the Memphis Police Department, in Memphis, Tennessee. As a result of my experience and training, I am familiar with the laws pertaining to the unlawful possession of firearms by a prohibited person and that people who have been convicted in any court of a crime punishable by imprisonment for a term exceeding one year are prohibited from receiving, possessing or transporting any firearm which has traveled in interstate commerce.

On May 29, 1986, I reviewed a Texas Department of Public Safety Criminal History on Doyle Wilson Hall, Jr., white male, date of birth December 15, 1938. The Hall's file provided the following information:

Doyle Wilson Hall, Jr. has been charged on three (3) counts of dangerous drugs and has received four (4) convictions on dangerous drugs.

On December 20, 1978, Doyle Wilson Jr., white male, date of birth December 15, 1938, was convicted of dangerous drugs and received two (2) years confinement at Texas Department of Corrections on July 27, 1978.

Hall was paroled on June 29, 1979, from TDC and was discharged on July 20, 1980.

On May 29, 1986, Sheriff Jim Parker of the Lamar County Sheriff's Department advised me of the following:

On May 28, 1986, a confidential informant told him that on May 28, 1986, he observed a firearm, believed to be a rifle, with a bolt action, in the residence of Doyle Wilson Hall, Jr.

This same confidential informant has given him information which assisted in criminal investigations on several occasions in the past.

On May 30, 1986, Sheriff Parker and I confirmed that Doyle Wilson Hall, Jr., white male, resides at this residence located West on FM–137 from FM–38, next to the old Roxton jail, in the city of Roxton, Lamar County, Texas.

Affidavit of

William J. Stringer

Hall purchased the land on February 16, 1981 from a Joe and Mary Ann Friday and this property was part of the Eli Barnett Survey and being lot five and eight and a half feet off of the eastside of lot six in block eight located in the town of Roxton, Lamar County, Texas. Hall is well known by the Sheriff's Department in Lamar County and has been handled in the past.

On May 30, 1986, I conferred with firearms expert Jerry Peebles, Arlington, Texas, who has testified as a firearms expert in Federal court in the Northern Judicial District of Texas. Peebles said that in his experience at least 90 percent of the firearms made in the United States are manufactured outside the State of Texas and therefore would have affected interstate commerce if possessed within the State of Texas.

The only rifles manufactured in the State of Texas are: Omega, Alpha, Ranger, and Texas Magnum.

Based upon my experience, people in possession of firearms often possess or store them within the residence in which they occupy. It has also been my experience that people in possession of firearms or ammunition nearly always have within their residence or on their person, doc-

uments pertaining to the firearms and ammunition.

Therefore, I feel that probable cause exists to believe that Doyle Wilson Hall, Jr., white male, a convicted felon, is in possession of a firearm and ammunition which has traveled in interstate or foreign commerce in violation of Section 1202(a), Title 18, Appendix, U.S.C., and that such firearms, ammunition and evidence of possession are stored or possessed at Hall's residence in Roxton, Lamar County, Texas.

/s/   William J. Stringer