**Francisco Soler AVILEZ aka Francisco Agustin Soler Aviles and Janie Pena Peralez, Appellants,**

v.

**The STATE of Texas, Appellee.**

**Nos. A14–89–00538–CR,
C14–89–00539–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 9, 1990.

Discretionary Review Granted
Nov. 21, 1990.

Richard C. Bax, Houston, for appellants.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MURPHY, JJ.

## OPINION ON REHEARING

JUNELL, Justice.

On April 26, 1990, this court reversed and rendered appellants' convictions for possessing a controlled substance, namely cocaine, with intent to deliver. On May 11, 1990, the State filed two motions for rehearing which were granted. We withdraw our opinion and the two judgments filed April 26, 1990, and remand both cases to the trial court for further proceedings consistent with this opinion.

At trial, appellants entered pleas of not guilty and stipulated to the evidence. The court convicted both appellants and assessed punishment for each of them at imprisonment for fifteen years and a $10,-000 fine. They now appeal the overruling of their pre-trial motions to suppress the evidence.

The stipulated evidence shows that a special agent for the U.S. Drug Enforcement Administration arrived at the residence of a state district judge at approximately 5:00 a.m. on Friday, May 6, 1988. The agent presented the awakened judge an affidavit as the basis for requesting a warrant to search a private residence in Houston. The warrant, signed by the magistrate, was executed forty-five minutes later at the residence of appellants. The agent, accompanied by others, forced entry into the residence and encountered appellants naked and apparently awakened by the intrusion. The search confirmed that only the two appellants lived at the residence. Six packages containing white powder were discovered. The agent believed the powder to be cocaine. Five of the packages were recovered from a vanity drawer in a bedroom, and the sixth was in plain view in the master bedroom. The agent found in the garage a gasoline tank with false compartments. He believed the tank was used for smuggling controlled substances. The six packages were delivered to a Houston Police Department chemist who identified the contents as cocaine in the amount of approximately 1600 grams.

At the pre-trial hearing on motion to suppress, the DEA agent testified that his narcotics team had made a controlled purchase through an informant. This information, which was not in the affidavit, was his only basis for suspecting narcotics traffic was taking place in the residence in question.

■ In a single point of error it is asserted that the evidence should have been suppressed as illegally obtained through the use of a search warrant which was unsupported by probable cause in violation of the Fourth Amendment of the United States Constitution; Article I, section 9 of the Texas Constitution; and TEX.CODE CRIM. PROC.ANN. art. 38.23.

The challenged affidavit relates how an informant, a former cocaine user, told the special agent that he/she was in the home of appellants within 24 hours preceding the affidavit and observed large quantities of cocaine on the premises, principally in a taped package alleged to be in a bedroom vanity drawer. There were four people in the residence besides the informant. Two of them were identified by the informant as "Agustin(e) Soler" and "Jenny". The informant also told the agent that the female appellant was seen grinding up cocaine for consumption and that all four people in the house were observed to be snorting cocaine.

The critical paragraph of the affidavit reads as follows:

> Although Special Agent Cliff Brothers is the affiant in this case and during his involvement with the informant he was able to prove up the credibility of the informant the informant is more commonly known to Investigator Dennis Baldwin of the Killeen, Texas Police Department. Investigator Baldwin is assigned to the Organized Crime Division of that police department. Investigator Baldwin has been a Killeen Police Officer for four years and has been assigned to the Organized Crime Division for a period of two years. During the past two months Investigator Baldwin has worked with this confidential informant in re-

gards to narcotics violations and on at least seven occasions where undercover buys were made from cocaine dealers and on at least two occasions arrest [sic] were made from information supplied by this informant. Based on the relationship between Investigator Baldwin and the confidential informant this informant should be considered credible and reliable.

The informant's "basis of knowledge" is not contested, but the affidavit is challenged for failure to meet the second prong of the *Aguilar–Spinelli*[1] test which requires that sufficient facts be shown in the affidavit to establish the informant's "veracity" or the "reliability" of his report. It is properly pointed out that a later holding in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), adopts a less restrictive "totality of the circumstances" standard but does not overrule the two prongs of *Aguilar–Spinelli*, and the combined standards of all three U.S. Supreme Court cases are used in Texas:

> It is to be remembered that adoption of the analysis of *Gates* does not mean abandonment of Aguilar–Spinelli. *Gates* did not dispense with the two requirements used in the Aguilar–Spinelli test.

*Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Crim.App.1988), *cert. denied*, 488 U.S. 848, 109 S.Ct. 127, 102 L.Ed.2d 101.

The State argues that where either prong of *Aguilar–Spinelli* is weak, the "totality" test of *Gates* can rehabilitate the affidavit.

■ We fail to find within the four corners of the affidavit sufficient facts to establish a basis for the magistrate to find probable cause. The first quoted sentence of the affidavit is a conclusion. Agent Brothers says he proved the credibility of the informant, but he fails to tell how. As in *Gates*, some degree of independent police corroboration of the informant's information may have provided adequate personal knowledge on the part of Agent Brothers. However, no such corroboration is found in the affidavit, and there was no other corroboration before the front door of the residence was forced open. Hearsay from Police Officer Baldwin may have sufficed to establish probable cause, as would hearsay-upon-hearsay, if there was substantial basis for crediting the hearsay at all levels. *Hennessy v. State*, 660 S.W.2d 87 (Tex.Crim.App.1983). There is no substantial basis in the affidavit for connecting Brothers with the information about Baldwin's having any trust in the informant. Had Brothers and Baldwin been working together on a common investigation, the sum of their knowledge could have been considered a reliable basis for establishing probable cause. *Garrison v. State*, 726 S.W.2d 134, 137 (Tex.Crim.App. 1987); *Hall v. State*, 753 S.W.2d 438, 440 (Tex.App.—Texarkana 1988, pet. granted), citing *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), *Gish v. State*, 606 S.W.2d 883 (Tex.Crim. App.1980). There is no indication that Agent Brothers and Officer Baldwin knew each other or had ever worked together on any investigation, let alone on the one at hand.

■ There is insufficient information to find by the totality of the circumstances that probable cause existed for the issuance of the search warrant contested here. We do not find sufficient justification for imposing the "good faith exception" under TEX.CODE CRIM.PROC.ANN. art. 38.23(b).

The evidence should not have been admitted. The point of error is sustained.

The conviction of Janie Pena Peralez is reversed and remanded to the court below.

■ In the matter of appellant Francisco Soler Avilez (also known by at least one alias), the State brings to our attention an affidavit from the Special Crimes Bureau of the Harris County District Attorney's Office which states that this appellant was murdered in Miami, Florida, after this case was submitted before this court and before our April 26, 1990, opinion was filed. Accordingly, if there is truth in the report of

---

**1.** *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United* *States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).

appellant's murder, this appeal must be permanently abated. The death of appellant during the pendency of appeal deprives the appellate court of the authority to adjudicate his complaints, whatever the merit. *See Vargas v. State,* 659 S.W.2d 422 (Tex.Crim.App.1983); and *Polhemus v. State,* 659 S.W.2d 433 (Tex.Crim.App.1983). The cause of Francisco Soler Avilez is remanded to the trial court for an evidentiary hearing on the subject of his alleged death. If the trial court's findings are affirmative, this court has no jurisdiction on appeal, and the appeal shall be permanently abated.