**592**

Janie Pena PERALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 965–90.

Court of Criminal Appeals of Texas,
En Banc.

June 12, 1991.

Rehearing Denied Sept. 18, 1991.

Richard C. Bax, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Ira Jones and Donna Cameron, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, First Asst., State's Atty., Austin, for State.

OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

MALONEY, Judge.

Appellant was indicted for aggravated possession of cocaine with intent to deliver. TEX.REV.CIV.STAT. Art. 4476–15 § 4.03.[1] The trial court overruled appellant's pretrial motion to suppress evidence seized in a search under warrant. Thereafter the appellant waived trial by jury and entered a plea of not guilty. The trial court found appellant guilty after a bench trial and assessed punishment at fifteen years' confinement in the Texas Department of Corrections.[2]

The court of appeals reversed the conviction, holding that the affidavit for search failed to recite sufficient facts to establish the existence of probable cause by the totality of the circumstances. *Avilez v. State,* 796 S.W.2d 240 (Tex.App.—Houston [14th Dist.], 1990).[3] We originally granted the State's petitions for discretionary review to determine the correctness of this holding in light of the State's contention that the court of appeals misapplied the decision in *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), by improperly employing the reliability factor of *Aguilar–Spinelli*[4] as part of its analysis.

Upon review of the briefs and arguments of both the State and appellant, we conclude that the State's petitions were improvidently granted. Accordingly, the State's petitions for review are dismissed.

McCORMICK, P.J., and WHITE, J., dissent.

1. Repealed and recodified as TEX.HEALTH & SAFETY CODE § 481.112.

2. Now the Texas Department of Criminal Justice, Institutional Division.

3. Appellant's case was decided in a consolidated opinion with that of a codefendant, Francisco Soler Avilez, who died during the pendency of his appeal.

4. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).