**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI
04/16/15
**DORIAN E. RAMIREZ, CLERK**
**BY** mquilantan

ACCEPTED
13-14-00368-CR
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
4/16/2015 5:50:09 PM
DORIAN RAMIREZ
CLERK

## NOS. 13-14-00367-CR, 13-14-00368-CR, AND 13-14-00369-CR

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
4/16/2015 5:50:09 PM
DORIAN E. RAMIREZ
Clerk

## IN THE COURT OF APPEALS
## THIRTEENTH DISTRICT AT CORPUS CHRISTI

### ELEAZAR LUNA, Appellant

*v.*

### THE STATE OF TEXAS

### ON DIRECT APPEAL FROM CAUSE NUMBERS 13-04-4700-CR, 13-04-4701-CR, AND 13-04-4702-CR, IN THE 24TH JUDICIAL DISTRICT COURT OF GOLIAD COUNTY, TEXAS

### REPLY BRIEF FOR APPELLANT

**Richard E. Wetzel**
**Bar No. 21236300**

**1411 West Avenue, Suite 100**
**Austin, Texas 78701**

**(512) 469-7943**
**(512) 474-5594 – fax**
**wetzel_law@1411west.com**

**Attorney for Appellant**
**Eleazar Luna**

# Table of Contents

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . .ii

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . iv

Statement of the Cases . . . . . . . . . . . . . . . . . . . . . . . .1

Reply Point of Error One . . . . . . . . . . . . . . . . . . . . . . .1

The trial court abused its discretion by allowing the prosecutor to tell the prospective jurors that the date of commission of the offenses as alleged in the indictments was meaningless (2 RR 38).

Reply Point of Error Two . . . . . . . . . . . . . . . . . . . . . . .3

The trial court abused its discretion by allowing the prosecutor to give the prospective jurors a definition of the term proof beyond a reasonable doubt (2 RR 68).

Reply Point of Error Three . . . . . . . . . . . . . . . . . . . . . .7

The trial court abused its discretion by denying the motion to suppress because the probable cause affidavit failed to state sufficient facts showing Luna committed the alleged offense of continuous sexual abuse of a young child (3 RR 19).

Reply Point of Error Four . . . . . . . . . . . . . . . . . . . . . .9

The trial court abused its discretion by denying the motion to suppress because the probable cause affidavit was based on stale information due to the lack of information as to when the offenses allegedly occurred (3 RR 19).

Reply Point of Error Five . . . . . . . . . . . . . . . . . . . . . .11

The trial court abused its discretion by admitting an outcry statement given to a law enforcement officer by E.S. after she had already made an outcry statement to her mother (3 RR 52-53).

Prayer . . . . . . . . . . . . . . . . . . . . . . . .13

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . .13

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . .14

## Index of Authorities

**Page**

**Cases**

*Graham v. State,* 710 S.W.2d 588
(Tex. Crim. App. 1986) . . . . . . . . . . . . . . . . . . . . . . . . .6

*Hall v. State*, 753 S.W.2d 438
(Tex. App. – Texarkana 1988) , *rev'd on other grounds*
795 S.W.2d 195 (Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . . . . . .8

*Keeter v. State,* 175 S.W.3d 756
(Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . . .6

*Lockett v. State*, 879 S.W.2d 184
(Tex. App. – Houston [14th Dist.] 1994, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . .10

*McKissick v. State*, 209 S.W.3d 205
(Tex. App. – Houston [1st Dist.] 2006, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . .10

*Paulson v. State*, 28 S.W.3d 570
(Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . . .5

*Villegas v. State*, 791 S.W.2d 226
(Tex. App. – Corpus Christi 1990, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . .8

*Wilkerson v. State*, 391 S.W.3d 190
(Tex. App. – Eastland 2012, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . . .5

**Statute**

TEX. CRIM. APP. CODE art. 38.072 . . . . . . . . . . . . . . . . . . . . . . . . .12

**Rules**

TEX. R. APP. P. 9.4 . . . . . . . . . . . . . . . . . . . . . . . . .13

TEX. R. APP. P. 33.1(a) . . . . . . . . . . . . . . . . . . . . . . . . .6

TEX. R. APP. P. 38.2(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . .2

TEX. R. APP. P. 38.3 . . . . . . . . . . . . . . . . . . . . . . . .1

**Other**

www.dictionary.reference.com/browse/example . . . . . . . . . . . . . . . . . . . . . . . .5

These are appeals from a criminal proceeding. Luna filed his opening brief.

The State filed a brief. Pursuant to TEX. R. APP. P. 38.3, Luna now files his reply

brief.

## Reply Point of Error One

**The trial court abused its discretion by allowing the prosecutor to tell the prospective jurors that the date of commission of the offenses as alleged in the indictments was meaningless (2 RR 38).**

In the first point of error, Luna complains of a misstatement of law by the

prosecutor to the venire members. The prosecutor was allowed, over objection, to

tell the prospective jurors that the date of commission of the offenses as alleged in

the indictments was meaningless.

The three indictments allege the offenses occurred on or about January 25,

2013 (CR 6). In discussing the offense dates as alleged, the prosecutor made the

following statements of which Luna now complains:

> MR. BREEN: The date effectively doesn't mean anything in this
> indictment. So my first question is who here has a problem with that
> that they feel like the State should have to –

---

[1] In an order dated September 19, 2014, the Court directed that the three appeals be consolidated for briefing, issuing orders, and issuing an opinion.

MR. DORNBURG: I'm going to object. He says the date doesn't effectively mean anything.

MR. BREEN: In this case, it doesn't mean anything because the statute of limitations has not run and would therefore go from the day of her birth on up to before the indictment.

THE COURT: Overruled, go ahead.

MR. DORNBURG: Additionally, counsel for the State said (inaudible) –

THE REPORTER: Mr. Dornburg, I can't hear you.

MR. DORNBURG: Additionally up to the point date of indictment is to -- that makes it pertinent as well, so it is important. You can't say it's not effective. That is a misstatement of law. It has no effect.

THE COURT: All right. Overruled. Go ahead.  (2 RR 37-38).

Ignoring the words spoken by the prosecutor at trial, the State argues on appeal the prosecutor never said the date alleged in the indictment was meaningless (State's brief at 12).[2]  The State further argues a "true reading" of the words spoken by the prosecutor show he was discussing the applicable statute of limitations (*Id*.).  The State does not suggest the jurors were sophisticated enough

---

[2]   The pages in the State's brief are not properly numbered as required by TEX. R. APP. P. 38.2(a)(1).  Luna brought this matter to the Court's attention by a motion filed on March 16, 2015.  On April 8, 2015, the Court denied Luna's motion seeking for the State to file a brief with correct page numbers.  In this reply, Luna refers to the State's brief as though it was properly paginated.

2

to discern the "true meaning" of the prosecutor's misstatement of law which was sanctioned by the trial court.

The prosecutor twice erroneously told the prospective jurors that the date of the offense alleged in the indictment was meaningless. Luna continues to insist the prosecutor's statements concerning the meaninglessness of the date of commission of the offenses were erroneous. Authority cited in Luna's opening brief establishes it is incumbent on the State to prove the on or about date as alleged (Appellant's brief at 31). By overruling Luna's objections, the trial sanctioned the prosecutor's misstatement of the law and lowered the burden of proof placed on the State to convict.

The State does not address the question of harm. Luna continues to rely on the harm analysis set forth in his opening brief (Appellant's brief at 34-35).

**Reply Point of Error Two**

**The trial court abused its discretion by allowing the prosecutor to give the prospective jurors a definition of the term proof beyond a reasonable doubt (2 RR 68).**

By his second point of error, Luna complains of erroneous statements of law provided by the prosecutor during voir dire to the prospective jurors. Those misguided statements provided the jurors with a definition of the term beyond a

reasonable doubt. By overruling Luna's objections, the trial sanctioned the prosecutor's misstatement of the law. Specifically, the record reflects:

> MR. BREEN: Now, the definition in the instructions you get will be left undefined as to what beyond a reasonable doubt means. A definition that I know, a judge that I knew used to say in his mind, and this is his opinion, it's that certainty that you would bring to any important –
>
> MR. DORNBURG: Objection, Your Honor. There's not a definition to reasonable doubt.
>
> THE COURT: Overruled. Go ahead.
>
> MR. BREEN: And the example he usually used was when to cross a busy street. We do that all the time, but think about it. If you misjudge you're run over and you get killed. It's a serious decision, right? You don't cross the street until you're certain beyond a reasonable doubt that you can get from one side to the other without getting squished like a bug, so it's a serious question. All right.
>
> Now, as I say, one thing that we do know is beyond a reasonable doubt is not created simply because there's conflicting testimony. That's what a trial is supposed to be about is to resolve conflict; right? Who here feels like, well, you know what, if there's conflicting testimony I couldn't in good conscience vote to convict no matter what? Okay.
>
> Reasonable doubt is not created because there are questions that you have that are never cleared up. You know, if the State proves its case beyond a reasonable doubt even though you wonder about this or wonder about that -- almost certainly there will be such questions that won't be answered by the end of the trial, but that by itself doesn't

4

create reasonable doubt. Does anybody have a problem with that? (2
RR 67-68).

The State argues no definition of reasonable doubt was given, only examples of the term (State's brief at 14). Luna maintains the assertion is not supported by the record and is simply an attempt to characterize the error as something it is not. It is commonly understood that an example is given to demonstrate the character of the whole. *See* [www.disctionary.reference.com/browe/example](www.disctionary.reference.com/browe/example) Here, the examples by the prosecutor were unquestionable an effort to engage in the prohibited act of defining reasonable doubt for the jury.

The State further argues the voir dire was permissible under *Wilkerson v. State*, 391 S.W.3d 190 (Tex. App. – Eastland 2012, pet. ref'd). *Wilkerson* is inapplicable. That case concerned an improper limitation on defense voir dire attempting to contrast various burdens of proof. *Id.* at 195. Luna does not complain of a limitation on voir dire. The prosecutor's statements ran afoul of the prohibition imposed by *Paulson v. State*, 28 S.W.3d 570, 573 (Tex. Crim. App. 2000) (prohibiting juries from being instructed on a definition of the term reasonable doubt).

The State next claims nothing is preserved for review (State's brief at 14). First, the State claims Luna was required to object to each example given by the prosecutor.

5

He wasn't. Luna concedes he did not object after each of the erroneous definitions after his initial objection was overruled. However, in determining whether a complaint has been preserved for appeal, the ultimate consideration is whether the party has clearly made the trial court aware of what he wants and why he is entitled to it at a time when the trial court is in a position to do something about it. *Keeter v. State,* 175 S.W.3d 756, 760 (Tex. Crim. App. 2005). Thus, redundant objections to repetitions of the same matter for the same reason are not necessary if the circumstances indicate that they would have been futile. *See Graham v. State,* 710 S.W.2d 588, 591 (Tex. Crim. App. 1986). Luna was not required to voice futile objections to the continued misstatements by the prosecutor. The matter was preserved at trial.

The State further argues Luna's objection was vague and he did not secure an adverse ruling (State's brief at 14-15). Luna disputes the State's assertions. First, the objection plainly alerted the trial court to the basis of the objection ("there's not a definition to reasonable doubt"). Second, an adverse ruling was obtained when Luna's objection was overruled. Nothing more was required to preserve the complaint for appellate review. *See* TEX. R. APP. P. 33.1(a) (explaining requirements for preservation of error).

6

In a conclusory manner, the State claims Luna can show no harm from the error, if any (State's brief at 15). Luna disagrees and continues to rely on the harm analysis set forth in his opening brief (Appellant's brief at 34-35).

**Reply Point of Error Three**

**The trial court abused its discretion by denying the motion to suppress because the probable cause affidavit failed to state sufficient facts showing Luna committed the alleged offense of continuous sexual abuse of a young child (3 RR 19).**

Luna's argument in his third point is that the "mere evidence" search warrant affidavit failed to allege sufficient facts to establish probable cause that he committed the specific offense of continuous sexual abuse of a young child as alleged in the affidavit and found by the magistrate. The underlying offense of indecency with a child by exposure is not a predicate offense of continuous sexual abuse of a young child. Absent an allegation of a predicate offense, the magistrate was not presented with facts supporting probable cause to believe Luna committed the offense of continuous sexual abuse of a young child.

The State argues the facts alleged within affidavit were sufficient to allege the offense of indecency with a child (State's brief at 20). The State concedes the facts alleged were not sufficient to allege Luna committed the offense of continuous sexual abuse of a young child (State's brief at 21).

7

Initially, the State relies on *Hall v. State*, 753 S.W.2d 438 (Tex. App. –

Texarkana 1988) , *rev'd on other grounds*, 795 S.W.2d 195 (Tex. Crim. App.

1990).  There, an ATF agent cited the wrong statutory provision in a search

warrant affidavit alleging unlawful possession of a firearm.  *Id*. at 440.  While not

challenging probable cause, Hall argued the negligence and inadvertence in citing

the wrong statutory provision rendered the warrant invalid.  *Id.*  The court of

appeals found the misstatement did not render the warrant invalid.  *Id.*  By contrast,

in this case, Luna claims the facts alleged in the affidavit do not provide an

adequate basis for the magistrate to have found probable cause to believe he

committed the offense of continuous sexual abuse of a young child.  *Hall* is

inapplicable because Luna does not claim the affidavit merely cites the wrong

statutory violation.

The State further relies on *Villegas v. State*, 791 S.W.2d 226 (Tex. App. –

Corpus Christi 1990, pet. ref'd), in an effort to salvage the deficient affidavit.

There, the defendant was arrested on a warrant for murdering his aunt and taking

her car.  On appeal, he argued the arrest warrant affidavit was deficient because it

did not allege a predicate offense for capital murder or allege an intentional

homicide.  *Id.* at 235.  The court of appeals rejected the claims upon finding the

affidavit sufficient to allege the offense of murder.  *Id*.  Luna maintains *Villegas* is

inapplicable because the opinion fails to recite the offense with which Villegas was

8

charged in the arrest warrant affidavit. Absent a showing the warrant in *Villegas* was for the offense of capital murder, the opinion provides no support to the State.

The State does not address the question of harm (State's brief 15-21). Luna relies on the harm analysis set forth in his opening brief (Appellant's brief 47-50).

**Reply Point of Error Four**

**The trial court abused its discretion by denying the motion to suppress because the probable cause affidavit was based on stale information due to the lack of information as to when the offenses allegedly occurred (3 RR 19).**

The fourth point of error challenges the search warrant affidavit on the basis it contains stale information. The probable cause affidavit of January 30, 2013, alleged Luna's conduct occurred sometime in the summer between E.S's second and third grades of school and before Thanksgiving of November, 2012. Luna argued at trial that the dates set out in the affidavit were stale due to the absence of the date constituting sometime in the summer between E.S.'s second and third grades of school.

The problem in this case is that the magistrate was not able to ascertain from the affidavit the closeness in time of the event alleged as the basis for probable cause sufficient to issue the warrant based on an independent judgment of probable cause. The beginning of the event is a time unknown other than sometime between

9

second and third grade. The facts attested to in the affidavit were not so closely related to the time of the issuance of the warrant as to justify a finding of probable cause at that time.

Without record support, the State argues the affidavit presented to the magistrate "definitely" showed the alleged unlawful conduct commenced one and one half years earlier and continued until two or three months before the search warrant was sought (State's brief at 23). Luna disputes the State's assertion the affidavit shows a definite beginning date of the alleged conduct because the affidavit does not show the dates of the summer between E.S.'s second and third grades in school.

. The State further argues Luna's staleness challenge may be rejected due to continued and protracted nature of the alleged conduct as well as the type of evidence sought to be seized (State's brief at 22-24). The State relies on *McKissick v. State*, 209 S.W.3d 205 (Tex. App. – Houston [1st Dist.] 2006, pet. ref'd) and *Lockett v. State*, 879 S.W.2d 184 (Tex. App. – Houston [14th Dist.] 1994, pet. ref'd). Both are readily distinguishable. *McKissick* involved a delay of four days in seeking photographs. *McKissick*, 209 S.W.3d at 215. *Lockett* involved a delay of three months in seeking a firearms. *Lockett*, 879 S.W.2d at 189.

The State does not address the question of harm (State's brief 24-26). Luna relies on the harm analysis set forth in his opening brief (Appellant's brief 47-50).

**Reply Point of Error Five**

**The trial court abused its discretion by admitting an outcry statement given to a law enforcement officer by E.S. after she had already made an outcry statement to her mother (3 RR 52-53).**

In his fifth point of error, Luna maintains outcry testimony from E.S.'s mother as to the statements made by E.S. to a deputy sheriff was inadmissible. Having previously described the incident to her mother, further outcry to the deputy was inadmissible and the trial court should not have allowed the jury to hear such harmful and inadmissible evidence from E.S.'s mother.

Luna objected to the admissibility of any statements made to the deputy at the Sheriff's Office because those statements were not the first statements made to an individual over the age of 18 (3 RR 52). The first such statements had been made at home by E.S. to her mother (3 RR 52). The State argued the statements at home and at the Sheriff's Office were "all part of the same ball of wax" and should be admitted (3 RR 52). The trial court agreed and overruled the objection (3 RR 52).

Back in the presence of the jury, E.S.'s mother testified that upon arriving home from school, E.S. told her that Luna had shown her inappropriate videos and exposed himself to her on two occasions (3 RR 54). E.S.'s mother drove her daughter to the Sheriff's Office and E.S. was interviewed by an officer (3 RR 55). Before the officer, E.S. repeated that Luna had shown her his privates and shown her inappropriate videos (3 RR 55). She also said Luna had shown her a sex toy and some lotion she could use (3 RR 55). She told the officer the sex toy looked like a boys privates (3 RR 56). She claimed Luna told her he had some pornographic videos in his camper that she could watch (3 RR 56).

Luna maintains the outcry testimony from E.S.'s mother as to the statements made by E.S. to the deputy was inadmissible under TEX. CRIM. PROC. CODE art. 38.072 § 2(a)(2). Having previously described the incident to her mother, further outcry to the deputy was inadmissible and the trial court should not have allowed the jury to hear such harmful and inadmissible evidence.

The State's brief generally discusses the hearsay exception provided in TEX. CRIM. APP. CODE art. 38.072 (State's brief at 24-26). The State does not address the facts of the instant appeals, application of the law to Luna's fifth point of error, or the harmfulness of the error. Luna continues to rely on his opening brief in relation to his fifth point of error (Appellant's brief at 50-56).

12

**Prayer**

Luna prays this Court will reverse the judgment of conviction and remand for a new trial, new punishment proceeding, or enter any other relief from the judgment as appropriate under the facts and the law.

Respectfully submitted,

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue
Suite 100
Austin, TX 78701
(512) 469-7943
(512) 474-5594 – facsimile
wetzel_law@1411west.com

Attorney for Appellant
Eleazar Luna

**Certificate of Compliance**

This pleading complies with TEX. R. APP. P. 9.4. According to the word count function of the computer program used to prepare the document, the brief contains 2,833 words excluding the items not to be included within the word count limit.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

13

## Certificate of Service

This is to certify a true and correct copy of this pleading was mailed to counsel for the State of Texas, Assistant District Attorney Robert Lassmann at the DeWitt County Courthouse, Cuero, Texas, 77954, on this the 16th day of April, 2015.

/s/Richard E. Wetzel
Richard E. Wetzel
Bar No. 21236300