**The STATE of Texas, Appellant,**

v.

**Adam ANDERSON, Appellee.**

No. 14-94-00976-CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 8, 1996.

On Appeal from the 12th District Court Walker County, Trial Court Cause No. 16,-260; 16,268.

John Richard Gaines, Huntsville, for appellant.

Bruce C. Green, Huntsville, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

AMIDEI, Justice.

This is an appeal by the State from the granting of appellee's motion to suppress evidence in the trial court. The trial court found that affidavits in support of two search warrants failed to establish probable cause to search under Article 18.01 of the Texas Code of Criminal Procedure. In one point of error, appellant, the State of Texas, claims, "The trial court, Honorable W.T. McDonald, Presiding, erred on September 13, 1994, when he granted defendant's motions to suppress evidence." We reverse and remand for trial.

On August 1, 1990, the complainant reported to Deputy Sheriff Lawrence Swearingen that she had been raped at gunpoint by Adam Anderson, appellee, at a house on Highway 190 in Walker County. Based on the information given to him by the complainant, Deputy Swearingen prepared a detailed affidavit for search warrant, the pertinent parts of which are:

1. There is in Walker County, Texas, evidence, to wit: pubic hair, body fluid stains, finger prints, fabric fibers, a hand gun constituting evidence that tends to show that Adam Anderson committed an offense of aggravated rape on August 1, 1990. This evidence is located at the premises described as follows: a brick home, light tan in color, with brown trim, one-story, located as follows on the southside of Highway 190 facing north, the second southern drive east of Mathis Road, about ¼ mile off of Highway 190, and a body of water on each side of the drive approaching the house.

2. It is the belief of affiant, and he hereby charges and accuses that: Adam Anderson did knowingly and intentionally, on or about the 1st day of August, 1990 in Walker County, did then and there cause the penetration of the sex-

ual organ of [complainant], who was not the spouse of Adam Anderson, with his penis, without the consent of [complainant], and while in the course thereof did exhibit a deadly weapon.

3. Affiant has probable cause for said belief by reason of the following facts: affiant is a peace officer employed by the Walker County Sheriffs Office. On August 1, 1990, [complainant] made a statement to affiant that she was taken to the above described location where she was raped at gunpoint. [Complainant] was taken to the hospital where an examination was performed by Doctor Wells who concluded that there was physical evidence of sexual assault.

Affiant has training and experience investigating sexual assaults. At the scene of a sexual assault affiant would expect to find pubic hairs, body fluid stains, fingerprints, and fabric fibers. These items could be compared to known samples that could corroborate the statement of the victim to establish her presence at the crime scene. Further affiant would expect to find the hand gun that was used during the commission of the offense.

Deputy Swearingen presented his affidavit to the Honorable William L. McAdams, District Judge, 12th Judicial District Court, Walker County, and obtained a search warrant on August 2, 1990. During his search of appellee's residence, the officer found several car parts with missing or altered serial numbers and an automobile that had previously been reported as stolen. On August 2, 1990, Deputy Swearingen obtained a second search warrant from the Honorable Mary E. Gates, Justice of the Peace, to search for stolen cars and car parts and other items. The affidavit provided, in pertinent part, the following:

1. There is in Walker County, Texas, a suspected place and premises described and located as follows: a brick home, tan in color, with brown trim, one-story, located on the south side of Highway 190 facing north, the second southern drive east of Mathis Road, about ¼ mile off of Highway 190 with a body of water on each side of the drive approaching the house. There are also out buildings located within 100 yards of the house that contain automobiles and parts.

2. There is at said suspected place and premises property concealed and kept in violation of the laws of Texas to wit: stolen cars and car parts as well as other stolen items.

3. Said suspected place and premises are in charge of and controlled by each of the following persons: Adam Anderson.

4. It is the belief of affiant, and he hereby charges and accuses, that: Adam Anderson knowingly and intentional [sic] possesses stolen cars and car parts and other items that appear stolen.

5. Affiant has probable cause for said belief by reason of the following facts: On 8–2–90 Lawrence Swearingen obtained a search warrant for evidence surrounding an aggravated rape that occurred on 8–1–90. While in the house described above, several car parts with serial numbers taken off or obfuscated were found. Also in the connecting garage a vehicle was found that was reported stolen. Affiant knows that people who steal and keep cars and parts keep them in and around there [sic] homes and in out buildings on the property. Also deal in all other types of stolen items including firearms and electronic appliances.

Judge McAdams presided at an earlier hearing on the appellee's motion to suppress and denied the motion. The case was set for jury trial for September 13, 1994. Appellee was then represented by new attorneys who urged their own motion to suppress to the Honorable W.T. McDonald, sitting for Judge McAdams. Judge McDonald granted the motion to suppress on the ground that the affidavits "fail to present sufficient facts to enable the magistrates to make an independent determination that probable cause does in fact exist for the issuance of the warrants."

The findings of the court were that "both warrants consist almost entirely of conclusive statements by the affiant, totally without any elaboration of underlying facts and circumstances in support of the conclusions and accusations set forth in the affidavits."

The trial court further found:

E. The affidavit in support of the first warrant issued to search the Defendant's residence fails to even set forth facts showing when the incident it describes took place or even how the Defendant is connected to the alleged aggravated sexual assault or the alleged location of the assault.

F. The affidavit in support of the second warrant issued to search the Defendant's residence cites conclusive statements that stolen cars, car parts, and perhaps other stolen items were found in the house during the execution of the first warrant without providing any facts or circumstances to support the basis for those conclusions.

G. The affidavit supporting the first search warrant issued fails to set forth substantial facts to establish probable cause that a specific offense had been committed, that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and that the property or items constituting evidence to be searched for or seized are located at the place to be searched as required by Article 18.01(c) of the Texas Code of Criminal Procedure.

Article 18.01, of the Texas Code of Criminal Procedure provides, in pertinent part:

(b) No search warrant shall issue for any purpose in this state unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance. A sworn affidavit setting forth substantial facts establishing probable cause shall be filed in every instance in which a search warrant is requested. The affidavit is public information if executed.

(c) A search warrant may not be issued pursuant to Subdivision (10) of Article 18.02 of this code unless the sworn affidavit required by Subsection (b) of this article sets forth sufficient facts to establish probable cause: (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

In *Johnson v. State*, 803 S.W.2d 272, 288 (Tex.Crim.App.1990), the court stated:

The task of the issuing magistrate is to make a practical common sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place. The affidavit must be more than a "mere conclusory statement that gives the magistrate virtually no basis at all for making a judgment regarding probable cause." The magistrate must be presented with "sufficient information" to allow that individual to determine probable cause; "his action cannot be a mere ratification of the bare conclusions of others." *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 2332–33, 76 L.Ed.2d 527 (1983). The magistrate should not be bound by standards such as proof beyond a reasonable doubt or by a preponderance of the evidence. The magistrate's sole concern should be probability. *Gates*, supra; *Bower v. State*, 769 S.W.2d 887 (Tex.Crim.App. 1989), *cert. denied*, 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989).

In *Eisenhauer v. State*, 754 S.W.2d 159, 164 (Tex.Crim.App.1989), *cert. denied*, 488 U.S. 848, 109 S.Ct. 127, 102 L.Ed.2d 101 (1988), that court stated, in part:

The ultimate inquiry of Article 18.01 [Texas Code of Criminal Procedure] concerns the existence of probable cause, which must be established by "sufficient" and "substantial" facts. *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723

*Spinelli v. United States* [393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 1637] [(1969)] and *Illinois v. Gates* [citations omitted] do not change the basic underlying rule. The only things that have changed are the measures which the Supreme Court created to aid in arriving at a determination of the existence of sufficient facts to show probable cause … In *Gates*, the measure is the totality of the circumstances. Only the methodology of determining if the basic rule has been satisfied has changed, not the basic rule itself. *Gates*, like Article 18.01, continues the demand for sufficient and substantial facts.

*Johnson*, 803 S.W.2d at 289 stated:

The reliability of the affiant and his sources of information are part of the "totality of the circumstances" that the magistrate should evaluate in making his probable cause determination. A magistrate, however, is entitled to rely on source information supplied by an average citizen, since, unlike many police informants, they are "much less likely to produce false or untrustworthy information." *Jaben v. United States*, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965); See *Esco v. State*, 668 S.W.2d 358 (Tex.Crim.App.1982). The same rule applies to law enforcement officers. The magistrate may rely on the affidavit of a police officer based on his knowledge or the knowledge of other officers. "Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number." *United States v. Ventresca*, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). Appellate court review of the sufficiency of an affidavit is not a *de novo* review. The magistrate's determination of probable cause should be given great deference by the reviewing court. *Gates*, supra 462 U.S. at 236, 103 S.Ct. at 2331. "[T]he traditional standard for review of an issuing magistrate's probable cause determination has been that so long as the magistrate had a 'substantial basis for … concluding' that a search would uncover evidence of wrongdoing, the Fourth Amendment requires no more." *Id.* at 236, 103 S.Ct. at 2331, citing *Jones v. United States*, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960),

*overruled on other grounds*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). Nonetheless, "courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." *Id.* 462 U.S. at 239, 103 S.Ct. at 2333.

### 1. Search Warrant No. 1—Victim-witness informant.

■ The search warrant based on the report of victim-witness to Deputy Swearingen was issued by District Judge McAdams and was issued pursuant to Subdivision (10) of Article 18.02 of the Texas Code of Criminal Procedure to authorize a search for evidence showing that a particular person (Adam Anderson) committed an offense (aggravated rape). Therefore, Judge McAdams had to find sufficient facts to establish probable cause: (1) that a specific offense had been committed (aggravated sexual assault on August 1, 1990), (2) that specifically described items (pubic hair, body fluid stains, fingerprints, fabric fibers, a hand gun) to be searched for and seized constitute evidence that a particular person (Adam Anderson) committed that offense, and (3) that the items are located at the place to be searched (as described in paragraph one (1) of the officer's affidavit and beginning "this evidence is located at the premises described …").

Appellee argues that *Cassias v. State*, 719 S.W.2d 585 (Tex.Crim.App.1986) presents an analogous fact situation and supports the trial court's findings. We disagree.

*Cassias* involved an affidavit in support of a search warrant issued to search a residence for narcotics. The affidavit was prepared by an officer based on information from a "reliable informant" (confidential and unnamed). In that case, the affidavit stated that appellant was in possession and control of the house to be searched for marihuana. The only "nexus" connecting the drugs to the house was a statement that "one Keith Henderson was observed by affaint [sic] on 4-2-80 carrying brick type packages believed to be marijuana." Keith Henderson had also been seen in the back yard with a "plastic tub" and plastic tubing. The affidavit did not show Keith Henderson in the yard or in the

house with the "brick packages." The court found: "We cannot, in the interest of a common sense and realistic approach to interpretation of affidavits 'infer' a connection between informant's observation of appellant with contraband and the residence at 724 Del Mar Street. Further, we can only speculate it was there that the 'brick type packages' were seen, and we find no objective data to show it was reasonable to believe they were marihuana." *Cassias,* 719 S.W.2d at 590.

The affidavit in this case was based on a report given to the officer by the *victim* of the crime. "Where the victim or eye witness to the offense is the direct source of the information conveyed to the magistrate via a police officer, neither facts independently corroborative of the occurrence nor the basis for the claimed reliability of the eye witness need be recited." *Cummings v. State,* 651 S.W.2d 14 (Tex.App.—Amarillo 1983, no writ) citing *Jones v. State,* 568 S.W.2d 847 (Tex. Crim.App.1978) and *Jackson v. State,* 470 S.W.2d 201 (Tex.Crim.App.1971).

In *Cummings,* the court found, "In this case, the victim related details of the offense to the affiant, Detective La Favers, upon whose oath the warrant issued. Her direct accusation personally conveyed to the police officer and by him to the magistrate, is sufficient to support the issuance of an arrest warrant."

In *Jones v. State,* 568 S.W.2d 847, 855 (Tex.Crim.App.1978), the court stated:

Our determination of the sufficiency of an *arrest or search* warrant affidavit's statement of probable cause is limited to the four corners of the affidavit. *Oubre v. State,* 542 S.W.2d 875 (Tex.Crim.App. 1976); *Lopez v. State,* 535 S.W.2d 643 (Tex. Crim.App.1976). However, we interpret affidavits for arrest or search warrants in a common sense and realistic manner, *Lopez v. State,* supra; *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), and the magistrate who reviews an affidavit may draw inferences from the facts contained in it. *Lopez v. State,* supra; *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948). (emphasis added)

The arrest warrant in the *Jones* case concluded: "Affiant has personal knowledge that" fingerprints of the appellant had been found on a beer can near the crime scene. Appellant complained that the affidavit did not show how the complaining witness learned of facts concerning the fingerprint identification. The affidavit recited that affiant had personal knowledge that "fingerprints were lifted from said beer can and compared with the known fingerprints" of appellant and found to be identical. The court found that since the affidavit stated "affiant has personal knowledge," the magistrate could have found the statement of the officer concerning appellant's identification by his fingerprints was within the personal knowledge of the officer-affiant. The court concluded, "We therefore hold that the affidavit, which is obviously based on the statements of the victim of an offense to the affiant, as well as the affiant's personal knowledge of that offense as an investigating officer thereof, was sufficient to have afforded the magistrate with a basis for an independent determination of probable cause." *Jones,* 568 S.W.2d at 855.

In *Jackson v. State,* 470 S.W.2d 201, 203 (Tex.Crim.App.1971), the arrest warrant in a rape case was attacked as containing no facts referring to, identifying or connecting appellant with the offense. The *victim* had identified the appellant by a photograph shown to her by the officer. The affiant-officer stated in his affidavit that based on the identification by the victim of appellant, "I believe and have good reason to believe" appellant "committed the offense of rape." The court found the affidavit sufficient for a magistrate to conclude that there was probable cause that appellant committed the offense. The court found: "The averments that the prosecutrix identified a picture of the individual who raped her and that the officer's belief was based on her identification lead to the clear conclusion that she identified appellant's picture. Thus, it was shown that the witness was reliable because she was the victim of the crime; and the underlying circumstances of why she knew the appellant was her assailant were shown." *Jackson,* 470 S.W.2d at 203.

Pursuant to Article 18.01(c) of the Texas Code of Criminal Procedure (Vernon 1977 & Supp.1991), we find that search warrant number one (1), concerning the rape of the complainant, set forth sufficient and substantial facts to establish probable cause: (1) that a specific offense had been committed by Adam Anderson on August 1, 1990, to wit, aggravated sexual assault as set out in paragraph two (2) of the officer's affidavit, (2) that specifically described items to be searched for and seized constitute evidence that a particular person committed that offense, *i.e.*, paragraphs one (1) and three (3) of the affidavit make it clear that the search was for "pubic hair, body fluid stains, fingerprints, fabric fibers, and a hand gun" that tends to show Adam Anderson committed the offense of aggravated rape of the person of the complainant on August 1, 1990, and (3) that the items are located at the place to be searched, to wit, the house described in paragraph one (1) of the affidavit.

### 2. Search Warrant No. 2—personal knowledge of the officer-affiant.

█ While Deputy Swearingen was on the premises searching for evidence of rape, he observed car parts with serial numbers taken off or "obfuscated" and a vehicle that had been reported stolen. Based on his personal observations of stolen property, he prepared the affidavit for search warrant number two (2). The trial court found that the affidavit for the warrant "cites conclusive statements that stolen cars, car parts, and perhaps other stolen items were found in the house during the execution of the first warrant without providing any facts or circumstances to support the basis for those conclusions."

Article 18.01(b) of the Texas Code of Criminal Procedure requires substantial facts establishing probable cause for warrants issued pursuant to Article 18.02(1) of the Code of Criminal Procedure for a search for property acquired by theft.

Appellee argues that the affidavit for search warrant number two (2) recites conclusive statements that stolen cars, car parts, and other possibly stolen items were found during the search under the first warrant without elaborating any facts or circum-

stances to support those conclusions. Appellee complains that the affidavit does not show how the officer knew the property was stolen and cites *Hall v. State*, 795 S.W.2d 195 (Tex. Crim.App.1990) as supportive of his argument.

In *Hall,* affiant received information from an officer who had received the information from a confidential informant that appellant had a rifle in his house. The affiant-officer checked appellant's criminal record and discovered he was a convicted felon. Further, the affiant, a federal agent, alleged that an expert witness told him 90% of the rifles in Texas are manufactured outside of Texas. With this convoluted set of circumstances, affiant alleged in his affidavit that appellant was a convicted felon in possession of a firearm which was a violation of federal law; therefore, he asked the magistrate for a search warrant authorizing a search of appellant's house for firearms, ammunition and documents pertaining to firearms. The officers found the rifle, and *"upon further search"* found a container full of marijuana, which was the evidence used to convict appellant for possession of marijuana. The court held that the affidavit did not reveal *how* the *informant* knew the possession of the rifle by appellant would possibly be criminal activity. Therefore, the magistrate had nothing on which to base his finding of probable cause that a crime had been committed. The affidavit was insufficient. *Hall,* 795 S.W.2d at 197.

In the instant case, the affiant officer *personally observed* a vehicle that had been *reported as stolen.* Also, he personally observed car parts with serial numbers taken off, which is the crime of tampering with identification numbers under Section 31.11, Texas Penal Code (Vernon 1977 & Supp. 1991). None of the information was obtained from confidential informants. Here, the search warrant was based on information supplied by a police officer who had personally observed the property and had reason to believe that the property in the house of Adam Anderson was connected to criminal activity. In *Johnson v. State*, the court held: "The magistrate may rely on the affidavit of a police officer based on his knowledge or the

knowledge of other officers. 'Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number.' *United States v. Ventresca,* 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1964)." *Johnson,* 803 S.W.2d at 289.

Appellee also cites *Tolentino v. State,* 638 S.W.2d 499 (Tex.Crim.App.1982) and *Davis v. State,* 831 S.W.2d 426 (Tex.App.—Austin 1992, *pet. ref'd* ) as being supportive of his argument that the affidavits were conclusory and without facts to show probable cause. Both cases are clearly distinguishable from the fact situation here. *Tolentino* involved an affidavit for search warrant which was found insufficient because the officer found an empty bag on a street containing marijuana seeds and packaging together with a claim check with appellant's name on it. He checked at an apartment complex near the place where he found the bag and received information from a resident that a man named "Tolentino" lived in the apartment subsequently searched. The court found nothing in that affidavit to connect the marijuana found in the bag on a street to appellant's residence. The court found this to be "suspicion and conjecture" and not probable cause. *Tolentino,* 638 S.W.2d at 502.

In *Davis,* the affidavit was to obtain blood, body hair and sperm, from a capital murder suspect who was in county jail at the time. It stated no facts at all to show that the evidence searched for was evidence of a crime or to show that the person involved committed the offense. An officer signed an affidavit "affirming" all statements made in a motion by the State to the magistrate to the effect that appellant was a suspect in a murder case and the State requested an order from the magistrate allowing the police to acquire samples of blood, body hair, and sperm from him. The officer stated in the affidavit that appellant was a suspect in jail. The affidavit was followed by an order granting the motion. The affidavit was insufficient. *Davis,* 831 S.W.2d at 440.

*Davis* and *Tolentino* are not analogous to this case. *Cassias,* already examined in this opinion, is likewise not applicable. We find that the affidavit in search warrant number

two (2) sets forth sufficient, substantial and reliable facts to show the magistrate probable cause that the offense of theft of property by Adam Anderson had occurred at his house.

■ Appellee also argues that the officer exceeded his authority by making an unauthorized search, not within the scope of the first warrant, that lead to the discovery of the stolen property that was the basis of search warrant number two (2). He cites *Joseph v. State,* 807 S.W.2d 303 (Tex.Crim. App.1991) and *White v. State,* 729 S.W.2d 737 (Tex.Crim.App.1987). Both these cases involve the "plain view" exception to the requirement of a warrant, which does not apply to this case.

This case does not involve the "plain view" exception that would be justification for a warrantless seizure. Here, the officer discovered reported stolen property and car parts with the identification removed while in the process of a search for items named in a valid search warrant for evidence in a rape case. He did not attempt to exceed his authority and seize the property he believed to be stolen but obtained yet another search warrant to continue his search for stolen property. There was no further investigation needed during the first search and the criminal activity which was the basis of the second search warrant was "immediately apparent." *Joseph* and *White* involve warrantless seizures under the "plain view" exception to the requirements of a warrant and are not applicable to this case.

The only reported case found as of the date of this opinion involving a similar situation is *Gordon v. State,* 640 S.W.2d 743 (Tex. App.—San Antonio 1982, no writ). Officers in that case were in the process of searching the appellant's saloon for a spent bullet involved in a murder pursuant to a valid search warrant for a spent bullet. While making the search, the officers observed a cinder block with a bullet hole in it. The officers suspected that bullet fragments were in the cinder block. Rather than run the risk of destroying evidence or exceeding the scope of the first warrant, the officers sought a second warrant to seize the entire cinder

block based on the knowledge of its presence gathered from personal observation.

In finding the affidavit sufficient, the San Antonio court held:

> An affidavit of a police officer evidencing sufficient personal knowledge gathered from direct observations may establish probable cause for the issuance of a search warrant if it supplies sufficient underlying facts. *See Rangel v. State,* 435 S.W.2d 143 (Tex.Crim.App.1969).

We have determined that the affidavit in search warrant number two (2) stated sufficient, substantial and reliable facts to establish that probable cause did in fact exist for issuance by the magistrate. We further find that the officer did not exceed the authority of the first warrant when he discovered the criminal activity that was the basis of the second warrant.

Appellant's point of error number one is sustained.

The case is reversed and remanded for trial. All evidence previously suppressed is released from that restriction.