r01510mc1






NUMBER 13-01-510-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

 

RAMON DAVILA GARCIA, JR., Appellant,



v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 139th District Court of Hidalgo County, Texas.

 
MEMORANDUM OPINION


Before Justices Hinojosa, Castillo, and Chavez (1)

Opinion by Justice Chavez


 

 After his motion to suppress was denied in part, (2) appellant, Ramon Garcia, Jr., pleaded nolo contendere, without a plea
bargain, to possession of more than fifty but less than two thousand pounds of marijuana. The trial court found the
evidence substantiated appellant's guilt, deferred proceedings without entering a finding of guilt, and placed appellant on
deferred adjudication community supervision for a period of seven years. In a single issue, appellant contends the trial
court abused its discretion by partially denying his motion to suppress because the affidavit is insufficient to support the
search warrant and the warrant is therefore invalid. We affirm.

 Appellant contends the affidavit is insufficient to support the search warrant because it is not based on the personal
knowledge of the affiant. Specifically, he contends that the affiant, a narcotics investigator with the Hidalgo County
Sheriff's Department, is not describing his own observations, but those of another narcotics officer, and that because the
affidavit does not expressly identify the source of the affiant's information, the affidavit and search warrant are "irrevocably
flawed." 

 When reviewing the sufficiency of affidavits, a trial court's determination of probable cause is owed great deference. 
Illinois v. Gates, 462 U.S. 213, 236 (1983). As the lone fact-finder and judge of the witnesses' credibility and weight of the
evidence, a ruling by the trial court will only be overruled if it extends outside the bounds of reasonable disagreement. 
Hinojosa v. State, 4 S.W.3d 240, 247 (Tex. Crim. App. 1999). 

 The task of the magistrate issuing a search warrant is to make a practical, common sense decision whether, given all the
circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be
found in a particular place. Trevino v. State, 875 S.W.2d 373, 375 (Tex. App.-Corpus Christi 1994, no pet.) (citations
omitted). An affiant must present the magistrate with sufficient information to allow him to determine probable cause; a
mere conclusory statement will not do. Id. Although sufficiency should be determined from the "four corners" of the
affidavit, the magistrate can make reasonable inferences from the facts presented. Id. at 376. 

 In viewing affidavits by the "totality of the circumstances," courts no longer require that credibility, reliability, and basis of
knowledge be established by separate and independent facts; however, they remain highly relevant factors in determining
whether probable cause exists. Ashcraft v. State, 934 S.W.2d 727, 732 (Tex. App.-Corpus Christi 1996, pet. ref'd).

 Probable cause may be founded upon hearsay and upon information received from informants, as well as upon information
within the affiant's own knowledge that sometimes must be garnered hastily. Janecka v. State, 937 S.W.2d 456, 462 (Tex.
Crim. App. 1996). Specifically, a magistrate is entitled to rely upon information supplied by the police officer's own
observations and upon information supplied by fellow officers engaged in a common investigation. Johnson v. State, 803
S.W.2d 272, 289 (Tex. Crim. App. 1990), overruled on other grounds by, Heitman v. State, 815 S.W.2d 681, 690 (Tex.
Crim. App. 1991);Woodward v. State, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982) (sum of information known to
cooperating law enforcement agencies or officers at time of arrest or search to be considered in determining probable
cause); Ashcraft, 934 S.W.2d at 733; State v. Anderson, 917 S.W.2d 92, 96 (Tex. App.-Houston [14th Dist.] 1996, pet.
ref'd). 

 Here, the affidavit identifies the investigating officer who recognized the smell of marijuana emanating from the shed on
appellant's property. The affidavit further identifies two canine officers and canines who participated in the investigation. 
The affidavit states that a canine sweep of the shed for narcotics resulted in a positive reaction from both canines.

 Examining the four corners of the affidavit with a common sense and realistic interpretation, we conclude that the
magistrate and trial court had a substantial basis for believing there was probable cause to search appellant's shed. 
Appellant has failed to show the trial court abused its discretion in partially denying his motion to suppress.

 The judgment of the trial court is AFFIRMED. 




 

MELCHOR CHAVEZ

Justice













Do not publish. Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

20th day of February, 2003.

1. Retired Justice Melchor Chavez, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 75.002 (Vernon 1998).

2. The trial court granted appellant's motion to suppress regarding the search of appellant's house, but denied the motion
regarding the search of appellant's shed. Thus, this appeal concerns the denial of the motion regarding the search of the
shed.