# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00155-CR

**The State of Texas, Appellant**

**v.**

**Joseph William Dotson, Appellee**

### FROM COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY
### NO. C-1-CR-09-215839, HONORABLE JAN BRELAND, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The State appeals the trial court's suppression of test results from Joseph William Dotson's blood sample, drawn after issuance of a warrant in his underlying prosecution for driving while intoxicated, second offense.[1]  At the suppression hearing, Dotson argued that the warrant was not supported by a sufficient probable-cause affidavit, particularly after certain portions of it were redacted.  Because the affidavit, even after redaction, provided a substantial basis for the magistrate's conclusion that a sample of Dotson's blood would uncover evidence of his DWI offense, we will reverse the trial court's order and remand this cause to the trial court for further proceedings.

---

[1]  The trial court's order reflects that the court considered Dotson's Motion to Suppress Evidence and his First and Second Supplemental Motions to Suppress Evidence.

## BACKGROUND

In the early morning hours of September 5, 2009, Austin Police Department Officer Michael Rhone arrested Dotson for driving while intoxicated, a repeat offense. *See* Tex. Penal Code Ann. §§ 49.04 (defining DWI offense), 49.09 (West Supp. 2012) (establishing enhanced offense and penalty for second offense).[2] After Dotson refused to provide a breath or blood sample, police sought and obtained a search warrant authorizing a blood draw from him. *See* Tex. Code Crim. Proc. Ann. art. 18.01(j) (West Supp. 2012) (authorizing issuance of warrant to collect blood specimen when person is arrested for DWI and refuses breath or blood test). Police supported their warrant request to the Travis County magistrate with an affidavit.

The affidavit, sworn to by Officer Phillips of the Austin Police Department, summarizes the responding police officers' observations substantiating their belief that Dotson committed the offense of driving while intoxicated. According to the affidavit, Austin Police Department Officer Hawkins "contacted" Dotson on September 5, 2009 at 3:00 a.m. because of a collision in which the "subject [Dotson]" rear-ended another vehicle at Burnet Road and Northcross Drive.[3] At the scene of the collision, Austin resident Don James identified Dotson to Officer Hawkins as the driver of a 2004 Dodge pickup with license plate number 5223AS. Officer Rhone, who observed Dotson at the scene, noticed that Dotson had a strong alcoholic-beverage odor, bloodshot and glassy eyes, and an unsure manner of walking and turning. Dotson

---

[2] Because recent amendments to the penal code and code of criminal procedure do not change the substance of the statutes relevant to this appeal, we cite to their current version.

[3] "Subject" in the affidavit refers to Dotson, the only person besides the officer identified in the sentence. Another section of the affidavit, containing "Pre-Arrest Admissions by Accused," also refers to Dotson as the "subject."

also gave indicators of intoxication in response to a horizontal gaze nystagmus test, swayed while performing a one-leg-stand test, lost his balance and failed to touch heel to toe during a walk-and-turn test, and swayed front to back during a balance test. The affidavit further states that Dotson admitted to having "3 Coors light" beers but refused to provide a sample of his breath or blood.[4] Based on his training and experience, and Dotson's apparent condition, Officer Rhone determined that Dotson committed the offense of DWI and arrested him. The affidavit concludes with a request for the issuance of a warrant to take a sample of Dotson's blood, which would "constitute evidence of the commission of an offense relative to the operation of a motor vehicle while intoxicated, namely Driving While Intoxicated." Finding this affidavit sufficient to establish probable cause that Dotson committed the DWI offense, the magistrate signed a warrant at 4:17 a.m. authorizing the blood draw.

Dotson filed a motion to suppress and two supplemental motions seeking to exclude all evidence secured as a result of the search warrant authorizing his blood draw—including any blood-testing results—alleging that the affidavit presented in support of the warrant did not: (1) specify a factual basis for the officer's conclusion that Dotson had been operating a motor vehicle; (2) show the credibility of the individual at the scene, Don James, who identified Dotson as the driver; and (3) provide a way to determine when the offense occurred. Dotson further argued that omissions or misstatements in the affidavit about which police officer provided information and whether an officer personally observed the DWI offense were made intentionally or with reckless

---

[4] The affidavit further reflects that Dotson had a previous conviction in Travis County for driving while intoxicated.

3

disregard for the truth and that there was insufficient probable cause to support the warrant without these misstatements. *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (authorizing evidentiary hearing to challenge warrant's supporting affidavit if defendant makes "substantial preliminary showing" of false statement in affidavit that was included "knowingly and intentionally or with reckless disregard for truth," and such statement was necessary to finding of probable cause).

At the suppression hearing, the trial court rejected Dotson's argument that any misstatement in the affidavit was made intentionally, knowingly, or with reckless disregard for the truth. *See Dancy v. State*, 728 S.W.2d 772, 782 (Tex. Crim. App. 1987) (clarifying that misstatement in affidavit resulting from mere negligence in checking or recording facts relevant to probable cause determination "is beyond the pale of *Franks*"). Additionally, the State agreed to redact certain complained-of portions of the affidavit: one with a blank space for writing the name of an officer who "observed" Dotson driving or operating a vehicle and another stating that Officer Hawkins "personally observed" the DWI offense. The parties disputed whether the affidavit presented to the magistrate for the blood draw warrant was sufficient to establish probable cause after the redactions. At the conclusion of the hearing, the trial court requested additional briefing addressing the credibility of the witness at the scene who provided information to the officer, and the "time issue," i.e., whether there was some showing that the alcohol would still be in Dotson's blood.[5]

After another hearing, the trial court granted Dotson's motion to suppress, finding the proffered affidavit was insufficient to justify the search warrant for Dotson's blood. The court

---

[5] The trial court minimized its concern about the "time issue" by noting that the magistrate signed the warrant less than 1½ hours after the police contacted Dotson.

expressed concern that the affidavit did not provide details about James's identification of Dotson as the driver of the truck and that the affidavit did not contain a general statement that alcohol in the blood dissipates quickly.[6] Two months later, the trial court signed the suppression order that the State challenges in this appeal.

## DISCUSSION

When reviewing a trial court's ruling on a motion to suppress, we generally apply a bifurcated standard, giving almost total deference to the trial court's determinations of historical fact and mixed questions of law and fact that rely on credibility, but reviewing de novo the court's application of the law and its determinations of mixed questions of law and fact that are not dependent on credibility. *State v. Kerwick*, No. PD-1837-11, 2013 Tex. Crim. App. LEXIS 430, at *5 (Tex. Crim. App. 2013) (citing *Guzman v. State*, 955 S.W.3d 85, 89 (Tex. Crim. App. 1997)). When the motion to suppress is based on a magistrate's decision to issue a warrant, we apply a highly deferential standard because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to warrantless searches. *Id.*; *State v. McLain*, 37 S.W.3d 268, 271 (Tex. Crim. App. 2011); *see Illinois v. Gates*, 462 U.S. 213, 236 (1983); *State v. Webre*, 347 S.W.3d

---

[6] The trial court specifically faulted the affidavit for not stating: why the officer contacted Dotson, how the officer knew about the collision, whether Dotson was a driver involved in the collision, when the collision occurred, whether the pickup was involved in a collision, what day and time James made his identification of Dotson as the driver of the Dodge pickup, how James knew that Dotson was the driver, and what time Dotson was driving. The trial court also expressed a concern, which it admitted was "hypertechnical," that the affidavit should have contained a paragraph stating that alcohol in blood dissipates quickly, justifying the need to obtain the blood while alcohol was still present.

5

381, 384 (Tex. App.—Austin 2011, no pet.). "As long as the magistrate had a substantial basis for concluding that probable cause existed, we will uphold that magistrate's probable cause determination." *McLain*, 37 S.W.3d at 271.

The Fourth Amendment to the United States Constitution requires that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV; *see also* Tex. Code Crim. Proc. Ann. art. 1.06 (West 2005) (stating protection against unreasonable searches and seizures). Because obtaining a blood sample is a search and seizure within the meaning of the Fourth Amendment, a magistrate may issue a search warrant for a blood draw only after being presented with an affidavit containing substantial facts establishing probable cause. *State v. Jordan*, 342 S.W.3d 565, 568 (Tex. 2011); *State v. Dugas*, 296 S.W.3d 112, 115 (Tex. App.—Houston [14th Dist.] 2009, pet. ref'd); *see* Tex. Code Crim. Proc. Ann. art. 18.01(b). Probable cause exists if, under the totality of the circumstances in the affidavit, there is a "fair probability" that contraband or evidence of a crime will be found in a particular place at the time the warrant is issued. *Jordan*, 342 S.W.3d at 568-69. Put differently, probable cause exists when a magistrate has "a substantial basis for concluding that a search would uncover evidence of wrongdoing." *Dugas*, 296 S.W.3d at 116.

The affidavit presented in support of the requested warrant must contain sufficient facts showing probable cause that:

(1) a specific offense has been committed,

6

(2) the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and

(3) the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

Tex. Code Crim. Proc. Ann. art. 18.01(c); *see id.* art. 18.04 (West 2005) (stating essential contents of search warrant). The magistrate may rely on the affidavit of a police officer that is based on his knowledge or the knowledge of other officers engaged in a common investigation. *State v. Anderson*, 917 S.W.2d 92, 96 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) (internal citations omitted). The magistrate may construe the affidavit in a non-technical, common-sense manner and may draw reasonable inferences from the facts and circumstances contained within it, and his determination of probable cause is afforded "great deference." *Jordan*, 342 S.W.3d at 569.

Similarly, when we review a magistrate's decision to issue a search warrant, we must interpret the affidavit in a realistic, not "hypertechnical" manner, *McLain*, 337 S.W.3d at 271, and limit our consideration to the contents of the affidavit's four corners. *Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), *cert. denied*, 507 U.S. 921 (1993); *Oubre v. State*, 542 S.W.2d 875, 877 (Tex. Crim. App. 1976). Our focus is on "the combined logical force of the facts that *are* in the affidavit" and not whether other facts could or should have been included. *Rodriguez v. State*, 232 S.W.3d 55, 62 (Tex. Crim. App. 2007). Whether the facts stated in the affidavit establish probable cause depends on the totality of the circumstances. *Dugas*, 296 S.W.3d at 116.

The State contends that the trial court erred in granting the motion to suppress and in determining that the supporting affidavit was deficient. The trial court faulted the affidavit

for: (1) omitting explanatory details of James's report that Dotson was driving, (2) omitting a statement that alcohol dissipates quickly in the blood; (3) alleging the date in a "conclusory fashion," and (4) omitting the time and date that field-sobriety tests were administered. On appeal, Dotson acknowledges the affidavit was not deficient on the last three grounds. He argues that there was no probable cause to issue a warrant for his blood because the affidavit did not contain corroboration establishing the reliability of James's report that Dotson had been driving and did not provide a basis for concluding that alcohol would have been found in Dotson's body in relation to when he was operating a motor vehicle. We disagree that the affidavit is insufficient on these grounds.

The affidavit, even after certain redactions, reflects that Officer Hawkins "contacted" Dotson on September 5, 2009 at 3:00 a.m. because of a collision in which the "subject" Dotson rear-ended another vehicle at Burnet Road and Northcross Drive.[7] While still at the scene of the early-morning, two-vehicle collision, an identified citizen and Austin resident Don James reported to Officer Hawkins that Dotson was the driver of a Dodge truck with license plate 5223AS. In circumstances like these, "[w]here the victim or eye witness to the offense is the direct source of the information conveyed to the magistrate via a police officer, neither facts independently corroborative of the occurrence nor the basis for the claimed reliability of the eye witness need be recited." *Anderson*, 917 S.W.2d at 97 (internal citations omitted); *see Derichsweiler v. State*, 348 S.W.3d 906, 914-15 (Tex. Crim. App. 2011) (concluding that information provided to police from citizen-informant who identifies himself and may be held to account for accuracy and veracity of his report may be regarded as reliable); *Esco v. State*, 668 S.W.2d 358, 360-61 (Tex. Crim. App. 1982)

---

[7] The affidavit refers to Dotson as the "subject" and as the "accused." *See* footnote 3.

8

("[W]here a named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent.").

Further, the information remaining in the affidavit after certain redactions provided a basis for concluding that alcohol would have been found in Dotson's body in relation to when he was operating a motor vehicle. According to the affidavit, Officer Hawkins arrived at the collision scene quickly enough to find Dotson and James still there. Before Dotson was arrested, he admitted that he had three Coors Lights. He exhibited multiple signs of intoxication during field sobriety tests that were administered sometime between 3:00 a.m. and 4:17 a.m. Only one hour and seventeen minutes elapsed from the time that Officer Hawkins contacted Dotson at 3:00 a.m. about the collision and the time that the magistrate signed the search warrant for Dotson's blood at 4:17 a.m. On these facts, it would have been reasonable for the magistrate to infer that Dotson had been operating a vehicle shortly before Officer Hawkins contacted him and that evidence of intoxication would have been present in Dotson's blood when the search warrant issued less than an hour and a half later. *See Moss v. State*, 75 S.W.3d 132,141 (Tex. App.—San Antonio 2002, pet. ref'd) (noting that affidavit contained sufficient facts from which magistrate could have concluded that probable cause existed even after excising misstatement from affidavit).

The totality of the circumstances in the four corners of this affidavit—scrutinized in a common sense, non-technical manner—shows there was, at the very least, a "fair probability" that evidence of the crime of driving while intoxicated would be found in Dotson's blood when the warrant issued. *See Jordan*, 342 S.W.3d at 568-69; *Rodriguez*, 232 S.W.3d at 62; *see Gates*,

9

462 U.S. at 238. Because this affidavit was sufficient to establish probable cause that evidence of intoxication would be found in Dotson's blood when the search warrant was issued, we sustain the State's issue.

## CONCLUSION

Having sustained the State's issue, we reverse the trial court's order granting Dotson's motion to suppress and remand this cause to the trial court for further proceedings.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose, and Goodwin

Reversed and Remanded

Filed: May 9, 2013

Do Not Publish