Affirmed and Opinion filed September 15, 2005









Affirmed and Opinion filed September 15, 2005.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-04-00412-CR

          14-04-00413-CR

____________

 

MICHAEL LANE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause Nos. 933,046;
964,815

 



 

O P I N I O N

Michael Lane appeals from two aggravated
sexual assault convictions.  After a jury
convicted him in two separate cause numbers and found the enhancement paragraph
to be true, he was sentenced to life imprisonment.  Appellant asserts the trial court erred by
failing to grant his request for separate jury trials, denying his motion to
suppress, and admitting hearsay testimony under the excited utterance
exception.  Appellant also challenges the
legal and factual sufficiency of the evidence to support his convictions.  We affirm.








I.        Factual
and Procedural Background

In late 2002, Ms.
Ferrell, the complainant=s mother, planned to leave the complainant
(AA.F.@) and another,
younger daughter at appellant=s home for the
weekend.[1]
A.F. had already left for appellant=s home when the
younger daughter began crying, pleading that her mother not make her go to
appellant=s house. 
When Ms. Ferrell questioned this response, the younger daughter revealed
that she had seen appellant on top of A.F., who was naked at the time.  She also stated that Abad things had
happened to her sister.@ 
Ms. Ferrell, very concerned, called appellant=s home, but
appellant=s girlfriend was already on the way to Ms.
Ferrell=s home with
A.F.  When A.F. returned home, she
confirmed the heinous acts, saying that appellant forced her to engage in oral
sex and vaginal intercourse with him. 
Ms. Ferrell called the police in Bryan, Texas, where she was living with
her daughters at the time, and the Bryan Police Department contacted the Houston
Police Department.  Officer Valenta of
the Houston Police Department then executed a search warrant for appellant=s apartment and
recovered, among other things, several photographs.  The photographs show the unclothed A.F.
alone, and they show appellant engaged in various sexual acts with A.F.  According to A.F.=s mother, the
photographs are of A.F. when she was between six and ten years old.

Appellant was arrested and the State
charged him with aggravated sexual assault, enhanced by a prior felony
conviction for the same crime.  In cause
number 933,046 (appellate cause number 14-04-00412-CR), the indictment charged
one type of sexual assault:

Michael Lane . . .
on or about October 27, 2002, did then and there unlawfully, intentionally and
knowingly cause the sexual organ of [complainant], a person younger than
fourteen years of age and not the spouse of the Defendant, to contact the
sexual organ of Michael Lane . . . . Before the commission of the offense
alleged above . . . the Defendant was finally convicted of the felony of
aggravated sexual assault.   








In cause number
964,815 (appellate cause number 14-04-00413-CR), the indictment charged a
second type of sexual assault:

Michael Lane . . .
on or about September 27, 2002, did then and there unlawfully, intentionally
and knowingly cause the penetration of the mouth of [complainant], a person
younger than fourteen years of age and not the spouse of the Defendant, with
the sexual organ of the Defendant. 
Before the commission of the offense alleged above . . . Defendant was
finally convicted of the felony of aggravated sexual assault.

The jury found appellant guilty in both cause
numbers.  Appellant pleaded true to the
enhancement paragraph[2]
and the jury sentenced him to life imprisonment.

On appeal, appellant raises the same
initial seven points of error in both cause numbers.  First, appellant contends the trial court
erred by failing to grant his pretrial request for separate jury trials in each
cause number.  Second, appellant contends
the trial court erred by denying his motion to suppress, in which appellant
urged the trial court to exclude the items seized pursuant to the search
warrant for his apartment.  Third,
appellant asserts the trial court erred in admitting hearsay testimony over his
objection.[3]  In his fourth and fifth issues, appellant
argues the evidence is legally and factually insufficient because A.F. was not
credible.  In his sixth and seventh
issues, appellant contends the evidence is legally and factually insufficient
to show the State had jurisdiction because the State did not prove that any
element of the offense took place within Harris County.  Appellant also raises two additional points
of error in cause number 14-04-00412-CR. 
In these final two issues, appellant contends the evidence is legally
and factually insufficient because the State did not prove appellant caused
A.F.=s sexual organ to
contact his own.  With the exception of
the challenges to the State=s jurisdiction,
which we address last, we address each of appellant=s contentions in
turn.








II.       Analysis

A.      Separate
jury trials

Initially, appellant
urges this court to find that the trial court erred by overruling appellant=s request for
separate jury trials and that this error violated appellant=s state
constitutional right to a trial by jury. 
See Tex. Const.
art. I, ' 10 (providing for
right to trial by jury).  As mentioned
above, the State charged appellant in two indictments and cause numbers with
aggravated sexual assault upon A.F., the first for causing A.F.=s sexual organ to
contact appellant=s sexual organ, and the second for causing
appellant=s sexual organ to penetrate A.F.=s mouth.  The Texas Penal Code provides that Aa defendant may be
prosecuted in a single criminal action for all offenses arising out of the same
criminal episode.@  Tex. Penal Code ' 3.02(a).   The Code defines a criminal episode as the
commission of two or more offenses if Athe offenses are
the repeated commission of the same or similar offenses.@  Tex.
Penal Code ' 3.01(2). 









Generally, a defendant is entitled to
severance if he timely objects to the joinder. 
Salazar v. State, 127 S.W.3d 355, 364 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d) (citing Tex. Penal Code ' 3.02, ' 3.04(a)) (AHowever, a
defendant generally has the right to demand that cases consolidated under
section 3.02 be severed for trial.@); see also
Wedlow v. State, 807 S.W.2d 847, 851 (Tex. App.CDallas 1991, pet.
ref=d) (A[I]f a defendant
timely objects to the trial of multiple indictments in a single trial, he is
entitled to severance.@) (citing Ex parte Quintanilla, 151
Tex. Crim. 328, 207 S.W.2d 377, 378 (1947)). 
However, the defendant=s right to
severance is limited by section 3.04(c) of the Texas Penal Code.  Salazar, 127 S.W.3d at 364 (citing Tex. Penal Code ' 3.04(c)).  Section 3.04(c) provides that the defendant=s right to
severance does not apply to offenses joined pursuant to section 3.03(b)(2)
unless the court determines the defendant or the state would be unfairly
prejudiced by the joinder.  Id.
(citing Tex. Penal Code ' 3.04(c), ' 3.03(b)(2));
see also Matthews v. State, 152 S.W.3d 723, 730 (Tex. App.CTyler 2004, no
pet.) (AA defendant=s right to sever
two or more cases that have been consolidated or joined for trial does not
apply to a prosecution for . . . aggravated sexual assault of a victim under
seventeen years of age unless the court determines that the defendant or the
state would be unfairly prejudiced by a joinder of offenses.@) (citing Tex. Penal Code ' 3.04(c)).  Section 3.03(b)(2), in turn, applies to
certain sexual offenses against victims younger than seventeen years old, such
as those in appellant=s case. 
Tex. Penal Code '
3.03(b)(2)(A).  

Therefore, when the State joins certain
sexual offenses against victims under seventeen years old, a defendant=s right to
severance is limited and severance is not required in the absence of unfair
prejudice.  See id. '' 3.03(b)b)(2)(A),
3.04(c).  Appellant claims he
demonstrated that he would be unfairly prejudiced by the joinder, but the
record does not support this claim. 
Before trial, appellant objected to the State=s joinder of the
two offenses.  However, appellant never
explained, at the trial court level nor on appeal, how the joinder would cause
him unfair prejudice.  Because appellant
did not show that he would be unfairly prejudiced by the joinder of these two
offenses in a single trial, we conclude the trial court did not err in refusing
appellant=s request for severance and overrule his
first point of error.  See id. ' 3.04(c) (providing
for a right of severance only when Athe defendant or
the state would be unfairly prejudiced by a joinder of offenses.@).[4]  

B.      Motion
to suppress








In his second point of error, appellant
contends the trial court erred by failing to grant his motion to suppress; he
alleges the affidavit supporting the search warrant for his apartment Afailed to state
sufficient facts constituting probable cause.@  However, the motion to suppress did not
contain this ground as a basis for suppressing the evidence.  Instead, the motion urged the trial court to
exclude all evidence seized in the search of appellant=s apartment because
the search violated article 18.06 of the Texas Code of Criminal Procedure.[5]  See Tex.
Code Crim. Proc. art. 18.10 (providing proper procedure for execution of
search warrants).  Similarly, when
appellant argued his motion, he never raised the alleged insufficiency of the
affidavit to establish probable cause for the search warrant.  Instead, appellant contended the search
exceeded the search warrant=s scope.  








To preserve error for appellate review, a
party must object in a timely and specific manner.  Tex.
R. App. P. 52; Cornealius v. State, 870 S.W.2d 169, 174 (Tex.
App.CHouston [14th
Dist.] 1994), aff=d, 900
S.W.2d 731 (Tex. Crim. App. 1995) (citing Tex.
R. App. P. 52; Ethington v. State, 819 S.W.2d 854, 858 (Tex.
Crim. App. 1991) (en banc)).  Nothing is preserved for appellate review if
the issue raised on appeal does not comport with the objection made at
trial.  Cornealius, 870 S.W.2d at
174 (citing Coffey v. State, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990)
(en banc); Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986)
(en banc)).  Appellant=s issue on appealCthat the
supporting affidavit is insufficientCdoes not comport
with the objection he made at trial, which was based upon article 18.10 of the
Texas Code of Criminal Procedure.[6]  Therefore, appellant has not preserved this
issue for appeal, and we overrule his second point of error.

C.      Hearsay
testimony         

In his third point of error, appellant
contends the trial court erred by admitting hearsay testimony over his
objection.[7]  The State contends these statements were
admissible as exceptions to the hearsay rule because they were excited
utterances.  

During Ms. Ferrell=s direct
examination, the trial court allowed Ms. Ferrell to testify about statements
her younger daughter made about seeing appellant on top of A.F. while A.F. was
naked.  Ms. Ferrell testified, AShe told me that
he told her to go outside and look -- watch for [appellant=s girlfriend]. She
said it took too long.  She came back
inside.  That he was on her sister.@  In response to further questioning, Ms.
Ferrell testified that her younger daughter told her that A[s]he saw her
sister naked and [appellant] was on top of her sister.@








1.       Hearsay and the excited utterance
exception

An excited
utterance is an exception to the general rule prohibiting hearsay statements
from being admitted.  See Tex. R. Evid. 802 (providing hearsay is
not admissible except as provided by statute or rules); Tex. R. Evid. 803(2) (providing that excited utterances are
not excluded by the hearsay rule).  To
qualify as an excited utterance, a statement must relate to a startling event
or condition and be made while the declarant is still under the stress or
excitement caused by the event or condition. 
Id.  In Texas, the
startling event or condition need not be the crime itself.  See Ross v. State, 154 S.W.3d 804, 809
(Tex. App.CHouston [14th Dist.] 2004, pet. ref=d) (A[T]he startling
occurrence that triggers the excited utterance need not necessarily be the
crime itself.@) (citing Salazar v. State, 38
S.W.3d 141, 154B55 (Tex. Crim. App. 2001); Couchman v.
State, 3 S.W.3d 155, 159  (Tex. App.CFort Worth 1999,
pet. ref=d)); see also
Hunt v. State, 904 S.W.2d 813, 816B17  (Tex. App.CFort Worth 1995,
pet. ref=d) (holding that
the exciting event occurred when a sexual assault victim viewed a television
news program and learned that she could have become pregnant).

AThe exception is
based on the assumption that the declarant is not, at the time of the
statement, capable of the kind of reflection that would enable [her] to
fabricate information.@  Apolinar
v. State, 155 S.W.3d 184, 186 (Tex. Crim. App. 2005) (citing Zuliani v.
State, 97 S.W.3d 589, 595B96) (Tex. Crim.
App. 2003)).  In deciding if a declarant
is still dominated by her emotions from viewing or experiencing the startling
event, the trial court may consider the following factors: 1) the length of
time between the event or condition and the statement, 2) the nature of the
declarant, 3) whether the statement is made in response to a question, and 4)
whether the statement is self-serving.  See
Apolinar, 155 S.W.3d at 187 (citing Zuliani, 97 S.W.3d at 595B96).  Although a court may consider these factors,
the critical determination in the admissibility of the statement is whether the
declarant was still dominated by the emotions of the event.  See Couchman, 3 S.W.3d at 159 (AAlthough the other
factors are relevant, the critical issue is whether the declarant made the
statement while dominated by the emotion arising from a startling event or
condition.@) (citing McFarland v. State, 845
S.W.2d 824, 846 (Tex. Crim. App. 1992) (en banc); Hunt, 904 S.W.2d at
816).








When a trial court decides to admit an
out-of-court statement under an exception to the hearsay rule, the court is
exercising its discretion.  See Jackson
v. State, 110 S.W.3d 626, 633 (Tex. App.CHouston [14th
Dist.] 2003, pet. ref=d) (citing Lawton v. State, 913
S.W.2d 542, 553 (Tex. Crim. App. 1995) (en banc)).  We will not overturn this type of decision
absent a clear abuse of that discretion. 
See id. (citing Montgomery v. State, 810 S.W.2d 372, 390B91 (Tex. Crim.
App. 1990) (en banc)); see also Lawton, 913 S.W.2d at 553 (AThe admissibility
of an out-of-court statement under the exceptions to the general hearsay
exclusion rule is within the trial court=s discretion.@).  Thus, the question before us regarding the
admittance of the younger daughter=s statements is
whether the trial court clearly abused its discretion.  See Jackson, 110 S.W.3d at 553.

The event in question occurred when the
younger sister learned that A.F. had been returned to the home of the man who
sexually assaulted A.F.  See Ross,
154 S.W.3d at 809 (stating that startling event occurred when declarant learned
that his relative had killed someone).[8]  Initially, we will apply the four factors the
Court of Criminal Appeals noted in Apolinar, and then we will broaden
our inquiry to the larger questionCwhether the
declarant was still dominated by emotions generated by the event so that her
statements were likely to be truthful.

2.       Application
of the factors

The first factor a court may consider is
the length of time elapsing between the event and the excited utterance.  See Apolinar, 155 S.W.3d at 187.  This record does not reveal the precise
length of time that elapsed between Ms. Ferrell=s statement that
A.F. was at appellant=s home and the statements of the younger
sister.  However, it appears that the
younger sister=s statements were in immediate response to
what her mother told her.








The second factor considers the nature of
the declarant.  See id.  Here, two facts are important.  First, the declarant was quite young,
probably eight or under.  Second, the
declarant was extremely agitated.  When
asked about her other daughter=s demeanor at the
time of the statements, Ms. Ferrell testified: AShe was
crying.  She was upset [about] the safety
of her sister.  She didn=t want her sister
to go.  She said bad things had happened
to her sister and that=s why she didn=t want her to go.@ 

The third factor affecting admission is
whether the statements were in response to a question.  See id.  Appellant argues on appeal that it is Aapparent@ that the
statements were in response to Ms. Ferrell=s Aspecific questions
and inquiries.@  No
record cite follows, nor does our review of the record reveal that this is Aapparent.@  The initial responseCthat the younger
daughter began cryingCwas a spontaneous reaction to being told
that her sister was at appellant=s house.  Even if her subsequent statements were in
response to Ms. Ferrell=s questions, the interaction between the
mother and her young daughter appears to have none of the calmness of a
controlled inquiry and all of the urgency of one fearful that a loved one is
being hurt.[9]  In other words, this particular conversation
does not resemble one in which either party spent any time reflecting on their
questions or answers.

The fourth factor is whether the
statements were self-serving.  See id.  Appellant does not argue that they are
self-serving, and nothing earmarks them as being self-serving.  








Overall, the four factors favor admitting
the statements.  As we explain below, the
broader question, whether A.F.=s younger sister
was still dominated by the emotions generated when she learned of A.F.=s whereabouts, and
whether she was still capable of fabricating information when she made the
statements, also supports the ruling admitting the statements.

It appears that A.F.=s younger sister
was between seven and nine years old when she and her mother each were startled
by the other=s statements.  Clearly, the younger sister was  emotionally distraught when she made the
statements.  She reacted spontaneously
and immediately upon being told that A.F. was at appellant=s and that she
would join them shortly.  See Harnish
v. State, 266 A.2d 364, 365 (Md. Ct. Spec. App. 1970) (recognizing that Aspontaneous and
instinctive utterances, made without opportunity or time for reflection or
deliberation, are more likely to produce a true and accurate picture of the
transaction or event of which they form a part@); Lancaster v.
People, 615 P.2d 720, 723 (Colo. 1980) (stating the spontaneous character
of a statement has critical significance). 
Because of her Atender years,@ this was not an
event she was likely to have told her mother about initially, see State v.
Thomas, 460 S.E.2d 349, 352 (N.C. Ct. App. 1995) (stating it is often
unlikely a child will report an incident involving sexual assault to anyone but
the mother); State v. Moats, 457 N.W.2d 299, 309 (Wis. 1990) (same)
(citing State v. Padilla, 329 N.W.2d 263, 266 ( Wis. Ct. App. 1982)); People
v. White, 555 N.E.2d 1241, 1249 (Ill. App. Ct. 1990) (same); State v.
Smith, 337 S.E.2d 833, 841 (N.C. 1985) 
(same); Judy Yun, A Comprehensive Approach to Child Hearsay
Statements in Sex Abuse Cases, 83 Colum. L. Rev. 1745, 1756B57 (1983)
(providing reasons a young sex abuse victim may not immediately report the
abuse), nor was it an incident she could have fabricated on her own.     All
of these considerations point to the likelihood of accuracy rather than
fabrication and support the trial court=s ruling.[10]  We overrule appellant=s third point of
error.  








D.      The
legal and factual sufficiency challenges

In his fourth and fifth points of error,
appellant claims the evidence is legally and factually insufficient because
A.F.=s testimony was
not credible.  In appellant=s eighth and ninth
points of error, he asserts the evidence is legally and factually insufficient
to prove he caused A.F.=s sexual organ to contact his own.  We address these four sufficiency challenges
together.

We employ familiar standards of review for
legal and factual sufficiency challenges. 
In a legal sufficiency challenge, we review the evidence in the light
most favorable to the verdict to determine whether any rational fact-finder could
have found all elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979).  In a factual sufficiency
challenge, we view the evidence in a neutral light to determine if the jury was
rationally justified in finding guilt beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484
(Tex. Crim. App. 2004).  The evidence may
be factually insufficient in two scenarios. 
First, the evidence supporting the verdict may be too weak to support
the finding of guilt beyond a reasonable doubt. 
Id.  Second, the evidence
that is contrary to the verdict may be so strong that the
beyond-a-reasonable-doubt standard could not have been met.  Id. at 484B85.

1.       Legal
sufficiency








With these standards in mind, we turn to
appellant=s legal sufficiency challenge based upon
A.F.=s alleged lack of
credibility.  Appellant asks us to
reverse his conviction because the State did not offer physical evidence to
corroborate A.F.=s testimony and because A.F was not asked
when the alleged offenses took place. 
With regard to appellant=s challenge to
A.F.=s credibility, we
begin by noting that A[t]he jury is the exclusive judge of the
credibility of the witnesses and of the weight to be given testimony.@  Wesbrook v. State, 29 S.W.3d 103, 111
(Tex. Crim. App. 2000) (en banc) (citing Jones v. State, 944 S.W.2d 642,
647 (Tex. Crim. App. 1996)).   A.F.Conly eleven years
old when she gave her direct testimony and was cross-examined by appellantCstated that she
knew the difference between telling the truth and telling a lie, and also that
she understood how important it was for her to tell the truth.  When appellant cross-examined her, A.F.
repeatedly stated that she was not lying. 

          With regard to appellant=s assertion that
the evidence is legally insufficient to prove he caused A.F.=s sexual organ to
contact his own, the record reflects the following.  A.F. testified about what appellant did to
her when she was nine years old, including that he Aput his private
part@ into her
vagina.  She also testified that he put
his penis into her mouth.[11]  A.F. told the jury that these things occurred
in appellant=s bed at his home and that appellant and
his girlfriend took photographs.  A.F.
positively identified appellant during her testimony.  The photographs seized from appellant=s apartment were
also introduced into evidence.  These
photographs show appellant and A.F. engaged in the very activities she
described. 

The testimony of A.F, standing alone, is
sufficient to support appellant=s
convictions.  Tex. Code Crim. Pro. Ann. ' 38.07; see
Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.CHouston [14th
Dist.] 2002, pet. ref=d) (AThe testimony of a
victim, standing alone, even when the victim is a child, is sufficient to
support a conviction for sexual assault.@); see also
Satterwhite v. State, 499 S.W.2d 314, 315 (Tex. Crim. App. 1973) (holding
that victim=s testimony that appellant placed Ahis male organ
into her private parts@ was sufficient to sustain conviction); Sanchez
v. State, 479 S.W.2d 933, 940 (Tex. Crim. App. 1972) (holding that victim=s affirmative
answer to question about whether defendant Aput his private
part in your private part,@ along with
corroborating medical testimony, was sufficient to establish penetration).  In addition, the photographs corroborate A.F.=s testimony,
depicting the exact acts that appellant argues the evidence is legally
insufficient to prove.  








We conclude the evidence was legally
sufficient and overrule appellant=s challenges based
upon A.F.=s alleged lack of credibility and the
State=s failure to prove
contact.

2.       Factual
sufficiency

Appellant also raises factual sufficiency
challenges based upon A.F.=s alleged lack of
credibility and the State=s purported failure to prove contact.  Even when we view the evidence that supports
the verdict and is detailed above in a neutral light, we conclude it is not too
weak to support a finding of guilt beyond a reasonable doubt.  See Zuniga, 144 S.W.3d at 484.  The jury was entitled to believe A.F.=s testimony and
decide what weight to give the photographs and other evidence. See Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000) (en banc) (AAny [factual
sufficiency] evaluation should not substantially intrude upon the fact finder's
role as the sole judge of the weight and credibility given
to witness testimony.@). 
Appellant has not cited any evidence that undermines A.F.=s credibility; at
most, appellant points out that there is no physical evidence to corroborate
her testimony.  See Tinker v. State,
148 S.W.3d 666, 669 (Tex. App.CHouston [14th
Dist.] 2004, no pet.) (concluding evidence of complainant=s testimony alone
was factually sufficient despite lack of physical evidence) (citing Garcia
v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. [Panel Op.] 1978)).  We reject appellant=s contention that
A.F. was so lacking in credibility as to render the evidence factually
insufficient to support his conviction.








The record also belies appellant=s assertion that
A.F. never testified about when these events occurred.[12]  A.F. testified appellant assaulted her many
times and that the last assault occurred during October when she was nine years
old.  Ms. Ferrell testified that the
assaults occurred in the latter part of October, 2002.  Officer Valenta, who spoke with Ms. Ferrell
and A.F. before executing the search warrant at appellant=s apartment, said
A.F. told him an assault occurred the weekend or week before Halloween.  Appellant has not cited any contrary
evidence, nor have we found contrary evidence in the record that is so strong the
beyond-a-reasonable-doubt standard could not have been met.  See Zuniga, 144 S.W.3d at 484B85.  We conclude the evidence is also factually
sufficient and overrule appellant=s factual
sufficiency challenges.

Because we have concluded the evidence is
legally and factually sufficient, we overrule appellant=s fourth, fifth,
eighth, and ninth points of error.

E.      Legal and factual
sufficiencyCjurisdiction over offense

In his sixth and seventh points of error,
appellant contends the State failed to prove it had jurisdiction because there
is no evidence or insufficient evidence that any element of the offenses
occurred within Texas=s jurisdiction.  See Tex.
Penal Code ' 1.04(a)(a) (providing that Texas has
jurisdiction over an offense if the conduct that is an element of the offense
occurs inside this state).  

1.       Legal sufficiency

We begin by
reviewing the evidence in the light most favorable to the verdict to determine
whether any rational fact-finder could have found that the offenses took place
in Texas.  See Jackson, 443 U.S.
at 319.  The following evidence supports
the jury=s verdict.  A.F. testified that some of the assaults
occurred at appellant=s home and some may have occurred at her
mother=s home.  During Ms. Ferrell=s testimony, she
looked at the photographs taken from appellant=s computer that
depicted the crimes for which appellant was convicted.  Ms. Ferrell testified that the photographs
were taken at two locationsCher home and the
appellant=s home. 
Ms. Ferrell testified that both places are in Houston, Texas.  We conclude the evidence is legally
sufficient to allow a rational jury to find, beyond a reasonable doubt, that
the offenses took place within the territorial jurisdiction of this state.  We overrule appellant=s sixth point of
error.

 








2.       Factual
sufficiency

Viewing the same evidence in a neutral
light, a jury would be rationally justified in finding guilt beyond a
reasonable doubt.  See Zuniga, 144
S.W.3d at 484 (stating evidence, when viewed in a neutral light, may be too
weak to support the finding of guilt). 
In support of his factual sufficiency challenge, appellant points to the
following ambiguities in the prosecution witnesses= testimony.  Ms. Ferrell stated that she sometimes took
A.F. to stay at the appellant=s apartment home,
but that she also sometimes took her to Aanother location@ where appellant
stayed, on Westview.  The complainant
testified that the assaults were Asometimes at his
house.@  Based on these statements, appellant argues
the assaults may have occurred at some unknown location that was outside this
state=s
jurisdiction.  However, appellant cites
no evidence that his home on Westview or this >other location= is outside the
territorial jurisdiction of this state. 
And, Officer Valenta testified that Westview was also located in Harris
County, Texas.  We do not find that these
ambiguities constitute contrary evidence that is so strong that the
beyond-a-reasonable-doubt standard could not have been met.  See id. at 484B85.  We conclude the evidence that these offenses
took place within the state=s jurisdiction is
factually sufficient.

Conclusion

Because we have
reviewed and overruled each of appellant=s contentions, we affirm both of his convictions.

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Opinion filed September 15, 2005.

Panel
consists of Chief Justice Hedges and Justices Fowler and Frost.

Publish
C Tex. R. App. P. 47.2(b).











[1]  Appellant is
Ms. Ferrell=s cousin. 
Appellant=s girlfriend, whom Ms. Ferrell considered part of the
family, sometimes took care of Ms. Ferrell=s
children, including the complainant.





[2]  Appellant was
previously convicted of the felony offense of aggravated sexual assault of a
child.





[3]  Appellant
waived his right to counsel and represented himself at trial with standby
back-up counsel.





[4]  Appellant
never raised the constitutional challenge to section 3.04(c) that he makes on
appeal in the court below; therefore, we do not address that issue.  See Cornealius v. State, 870 S.W.2d 169, 174 (Tex. App.CHouston [14th Dist.] 1994), aff=d, 900 S.W.2d 731 (Tex. Crim. App. 1995)
(citing Coffey v. State, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990) (en
banc); Thomas v. State, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986) (en
banc)).  





[5]  Specifically,
appellant contended the evidence should be excluded because 1) he was absent
during the search, 2) he did not give consent, 3) he did not receive a complete
copy of the warrant nor an inventory of the items seized, and 4) the evidence
was not obtained incident to his lawful arrest. 
Article 18.10 requires a peace officer who executes a warrant to present
a copy of the warrant to the owner of the place to be searched and to prepare a
written inventory of the items taken.  Tex. Code Crim. Proc. ' 18.10(b).  If
no one is present, the peace officer must leave a copy of the warrant and the
inventory.  Id.





[6]  Even if
appellant had preserved this complaint for appeal, it would not merit
reversal.  Appellant  has not overcome the presumption of the
validity of the affidavit supporting his search warrant.  See Cates v. State, 120 S.W.3d 352,
355 (Tex. Crim. App. 2003) (AAn affidavit supporting a search warrant begins with a
presumption of validity . . . .@).  As a
reviewing court, we give Agreat deference to a magistrate=s determination that an affidavit establishes the
existence of probable cause.@  Borsari v.
State, 919 S.W.2d 913, 917 (Tex. App.CHouston
[14th Dist.] 1996, pet. ref=d).  The
affidavit supporting the search warrant for appellant=s apartment was that of the police officer who took
statements from Ms. Ferrell and A.F.  The
officer=s affidavit reflected his beliefCbased upon the statements taken from A.F. and her
mother and based upon his personal experience in working on sexual assault
cases for seven yearsCthat appellant was keeping photographs on his computer
that depicted himself engaged in various sexual acts with A.F. and that
depicted the unclothed A.F. alone.  The
magistrate is entitled to rely upon source information supplied by average
citizens and law enforcement officers to determine that probable cause
exists.  State v. Anderson, 917
S.W.2d 92, 96 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d) (citing Jaben v. United States, 381 U.S. 214
(1965)).  We could not say the trial
court abused its discretion in admitting the photographs obtained as a result
of this search warrant.  See Borsari,
919 S.W.2d at 916 (AAn appellate court will not reverse the trial judge=s decision on the admissibility of the evidence unless
the judge clearly abused his discretion.@)
(citing Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en
banc)).





[7]  Appellant=s objection was based solely on the general rule
against admitting hearsay testimony.  He
did not object based on the confrontation clause.  See Apolinar v. State, 155 S.W.3d 184,
186 n.2 (Tex. Crim. App. 2005) (recognizing appellant=s objection was limited to hearsay and did not raise
potential confrontation clause violation).





[8]  Clearly,
learning that one=s sister has been returned to the home of the man who
sexually assaulted her is a startling event. 
We believe that this is particularly true when, as in this case, the
younger sister apparently witnessed appellant sexually assaulting her sister,
and was about to be turned over to appellant=s care
herself.





[9]  Contrast this
with the Acontrolled inquiry@
situation in Hughes v. State, 128 S.W.3d 247 (Tex. App.CTyler 2003, pet. ref=d).  That case involved a fifteen-year-old
declarant, much older than the declarant in this case.  See id. at 254.  Also, in Hughes, the statements, which
the court described as narrations, occurred during the course of two extended
police interviews, while this case involves just one brief conversation between
a mother and her young daughter.  See
id.  Finally, in Hughes, the
declarant already had been forewarned about the purpose of the interviews and
previously had discussed the history of abuse and the possibility of reporting
that abuse with a family member.  See
id. at 254, 250.  In this case, none
of these things occurred.  These
differences distinguish the present case from Hughes.  See id. at 254 (stating it was Aimpossible to conclude that [the declarant=s] statements were made without opportunity for
reflection or deliberation@). 





[10]  Even if we
were wrong and the statements should not have been allowed, the substance of
the younger daughter=s testimonyCexactly
what Abad things@
happened to A.F. at appellant=s houseCwas
presented to the jury through A.F. and through pictures found in appellant=s house.  See
Tex. R. App. P. 44.2(b);
Jensen v. State, 66 S.W.3d 528, 535 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (holding any error in admission of videotape was
not harmful in sexual assault cause because Athe same
information came in elsewhere@); see also Matz v. State, 21 S.W.3d 911,
912  (Tex. App.CFort Worth 
2000, pet. ref=d) (stating Ait is
well-established that the improper admission of evidence does not constitute
reversible error if the same facts are proved by other properly admitted evidence@).





[11]  The
complainant=s testimony at trial was consistent with what she
reported to the Childrens= Assessment Center. 
According to Dr. Lahotia of the Childrens=
Assessment Center, the complainant stated appellant made her take her clothes
off before getting on top of her and that he Aput his
penis in me.@  During the
same assessment, the complainant also stated that appellant Amade me suck his private part.@





[12]  We note that
the State is not required to prove the exact date the offenses occurred.  The indictments in these cases charged that
the offenses occurred Aon or about September 27, 2002@ and Aon or about October 27, 2002.@  It is well
settled that, Awhen an indictment alleges that an offense occurred >on or about= a
particular date, the State is not bound by the date alleged, and may prove any
offense of the character alleged, within the period covered by the applicable
statute of limitations.@  Garcia v.
State, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998) (en banc) (citing Sledge
v. State, 953 S.W.2d 253, 255B56 (Tex.
Crim. App. 1997) (en banc); Mireles v. State, 901 S.W.2d 458, 459 (Tex.
Crim. App. 1995) (en banc) (plurality opinion)).